### John Tracy *against* The Albany Exchange Company.

*Lease; breach of covenant by lessors; measure of damages.*

THE plaintiff was the lessee of a store for two years and six months from Nov. 1, 1846, at a rent of $1,000 a year, payable quarterly, under a lease executed by the defendant to him, which contained the following covenant: "The said party of the second part to have *the refusal* of the premises, at the expiration of this lease, for three years longer."

On the 1st of February, 1849, the plaintiff requested a new lease from three years from May 1st, 1849, at the same rent. The defendant refused to give it; and sub-

sequently gave notice to the plaintiff that, unless he would accept a new lease at $1,200 a year rent, the premises would be rented to another. At the time of the request and refusal, there was rent in arrear. The defendant, after this threat, and on the 10th Feb., 1849, accepted a new lease for one year from the 1st of May following, at a rent of $1,200 a year; protesting, however, against the right of defendant to exact an increased rent, and claiming to reserve his right of action, on the above covenant, for the alleged breach of which this action is brought.

*Held*, that the covenant gave the plaintiff a right, at his election, to a new lease for three years from the termination of the old one, and at the same rent.

That the election to take a new lease might be made before the expiration of the old one.

That the refusal of the defendant to execute a new lease, unless at an increased rent, was a breach of the covenant.

That the covenants of the old lease were not merged in, or satisfied by, the new one, nor was the plaintiff's right of action waived by his acceptance, under protest, of the new lease.

That rent being in arrear did not affect the plaintiff's right of action, the payment of rent not being a condition precedent to the right of renewal.

That the measure of damages was the difference between the rent which the defendant was to have paid according to the first lease, and that which was demanded of him in the second, less a rebate of interest.

(S. C., 7 N. Y. 472.)