JOHN F. BOOTH, Respondent, *v.* SOLOMON N. BIERCE and
HENRY MONELL, Appellants.

AGREEMENT. AGENCY. Defendants sent to plaintiff, by their teamster, a
written order for a load of rye, for which they agreed to settle whenever
plaintiff should come to their place. No price for the rye was named by
them. Plaintiff delivered a load of rye to the teamster in compliance
with the order, but said he must have seventy-five cents per bushel for it
and that he must tell the defendants so. The following day he returned
for another load, and informed plaintiff that he had delivered the message
concerning the price of the rye, and no objections were made, which state-
ments were false. Plaintiff thereupon delivered another load, which was
received and used by defendants.

The only question in the case is, was there an agreement on part of defend-
ants to pay seventy-five cents a bushel for the rye, or are they liable in
the nature of assumpsit only for the market value of the rye, which was
fifty cents per bushel?

The answer depends upon the authority of the teamster in the character of
agent to bind the defendants. Upon this point, held as follows:

    1. That the teamster had no authority whatever to contract for
defendants; that his agency was merely manual, no more.

    2. There was no meeting and concurrence of mind between the par-
ties upon the question of price, such as is essential to an agreement
or contract — hence the market value of the rye at the time of delivery
is all that plaintiff can recover.

THIS action was commenced in the Supreme Court to recover
for a quantity of rye sold by the plaintiff to the defendants.
The complaint alleges, that the rye was sold and delivered at
the agreed price of seventy-five cents per bushel. The cause
was referred to a referee, to hear and determine, and he found
that there was no agreed price; that the market value was
fifty cents per bushel, and gave judgment for the plaintiff,
for the amount at that price. The plaintiff appealed to the
General Term, where the judgment was reversed and a new
trial granted, and from this order the defendants have ap-
pealed and given the stipulation required. The order of re-
versal does not state that it was reversed upon any question
of fact. The referee, before whom the cause was tried, found
the following facts:

"That the defendants, on the 30th day of July, 1861, were copartners in the distilling business, at Shortsville, in the county of Ontario. That on the said 30th day of July, the said defendants wrote an order, in the words and figures following, viz.:

SHORTSVILLE, July 30, 1861.

'MR. J. F. BOOTH, DEAR SIR: Please send us a load of rye, and we will settle with you for the same at any time that you are down here. Yours truly,

'BIERCE, MONELL & Co.,
'Pr. Doubleday.'

"That the said order was in writing, inclosed in an envelope sealed up, and handed by the defendants on the day of its date to one George W. Babcock; that the said Babcock was directed, at the same time, by the defendants, to take the order and go to said plaintiff and get the rye; that Babcock took said order and went with it to said Booth, and handed him the order; that said order was read by said Booth, and, after a conversation between said Booth and said Babcock, a load of rye was delivered by said Booth to said Babcock, for the defendants' distillery, in Shortsville, and received and used by them in their distillery, at Shortsville; that, on the next day, he was sent by the defendants to the plaintiffs, to to get another load of rye, and the plaintiff delivered to him on the next day, for the defendants, another load of rye, which was received and used by the defendants, at their said distillery; that the amount of rye thus delivered by the plaintiff to the defendants, was 5,102 lbs., being the two loads delivered on the 30th and 31st days of July, A. D. 1861; that the market value of rye at that time was fifty cents per bushel, at sixty pounds of rye to the bushel; that the plaintiff, before delivering the first load to said Babcock, informed him that his price for the rye was six shillings a bushel; that he had raised it for his own use and not to sell, but if it would be an accommodation he would let him have it, but he must pay six shillings a bushel, and that he (Babcock) must tell the defendants what the price was; that when he came after the

second load, the plaintiff asked him if he told the defendants the price of the first load, and that he told him he did, and that they made no objection to it.   And I further find, that the said George W. Babcock was, at the time he got the said rye, in the employ of the said defendants, as miller; that he was not a general agent of the defendants, and that he did not inform the defendants, or either of them, at any time after receiving from Booth the rye, or any part of it, the price Booth had put upon it; that the defendants had no knowledge that plaintiff would charge six shillings per bushel for his rye, until Booth came to the distillery for his pay for the rye, after it had been delivered; that Babcock had no authority from the defendants to contract at all, that his agency was merely manual, mechanical, and no more.   And I find, as conclusions of law, that there was no contract made between the plaintiff and defendants, by which they agreed to give him six shillings per bushel for his rye; that the plaintiff is entitled to recover of the defendants the market price of the rye, delivered on the 30th and 31st days of July, 1861, and no more, with interest from the 31st day of July, 1861.

"The amount delivered being eighty-five and one-third bushels, at sixty pounds per bushel, and the market value being fifty cents per bushel, I do, therefore, adjudge, that the plaintiff recover of the defendants for the said eighty-five and one-third bushels of rye, the sum of forty-two dollars and fifty-two cents, with interest thereon, from the 31st day of July, 1861."

*N. A. Woodward*, for the appellant.

*J. Herron*, for the respondent.

MASON, J.   As the order reversing the judgment in this case and granting a new trial does not state that it was reversed upon questions of fact, the 272d section of the Code declares, that it shall not be deemed to have been reversed upon questions of fact, and consequently, in this court we are, for the purpose of review, to assume the facts as found by the

referee, and are only permitted to review the questions of law.

Assuming, as we must, from the findings of the referee, and as was assumed by the Supreme Court, that there was no meeting of the minds of the parties upon the price to be paid for the rye, I am not able to see how the order appealed from can possibly be sustained.

There could be no contract as to price, unless the minds of the parties met upon the subject and fixed upon a price. The fact, that the plaintiff supposed he was selling his rye at six shillings per bushel, does not entitle him to recover that price of the defendants, if the defendants understood and believed when they received it, that there was no price fixed upon it, and that they, consequently, were only liable to pay the market price, which the referee finds to be fifty cents per bushel.

The principle applied to this case in the Supreme Court, as appears by the opinion printed in the case, has no application, and cannot be applied to this case, upon the facts found by the referee, or upon those assumed by that court, in disposing of the case. The complainant charges a sale of the rye by the plaintiff to the defendants, upon an agreed price. The referee has found, that there was no price agreed upon, and that Babcock had no authority from the defendants to contract at all; that his agency was manual, mechanical, and no more. The fact, that plaintiff told Babcock, the teamster, who brought a written order from the defendants to the plaintiff for the rye, that he must have six shillings per bushel, and that he was directed to inform the defendants so when he got home with the first load, and that he omitted to inform them, added to the fact, that when he returned for the second load he stated an untruth, in informing the plaintiff that he had told the defendants and communicated to them the price, and that they expressed themselves satisfied with the price, cannot make a bargain on the part of the defendants as to price. Neither does it present a case where the principle, that if one of two parties must suffer, it should be the one who employed the agent, by whom the fraud, which occa-

sioned the injury, was practiced. (*Dunl. P. Ag.* 302, 303; 2 *Hills*, 451; 3 *Hills*, 268; 1 *Metcalf*, 203; 37 *Barb.* 463.) The action is not in fraud but in assumpsit, to recover upon the contract as for a fixed and agreed price, fifty per cent higher than the real value of the rye. The plaintiff, when he discovered the fraud practiced upon him by Babcock, the defendant's teamster, might have rescinded the sale, demanded his rye, and sued the defendants in trover, if they refused to give it up. In such a case, however, he could only recover the value of his rye, and the interest thereon from the time of the conversion. There is no principle, however, applicable to the facts, found by the referee in this case, upon which the defendants can be held liable to pay six shillings per bushel for this rye as upon a contract price agreed upon, when the fact is found, that they never made any such agreement. It is not the case of a contract made by an agent, who assumes himself to contract as to price, and who claims to have general authority to bind his principals, and whom the parties have, apparently, clothed with such authority, but have in fact, given him instructions not to pay so much. In fact, Babcock did not assume to contract with the plaintiff as agent of the defendants, nor did the defendants rely upon any agreement made with him, nor did he make any agreement.

The defendants sent this written order to the plaintiff, inclosed in a sealed envelope, saying to him: Please to send us a load of rye, and we will settle with you for the same at any time that you are down here. The plaintiff delivered the rye to Babcock, saying, that he would not sell it less than seventy-five cents per bushel, and directing him to tell the defendants so.

He takes the rye to the defendants but does not tell them, and when he goes for the second and last load he is asked by the plaintiff what the defendants say as to the price, and he replies with a falsehood, by saying, that they expressed themselves satisfied; and then, the plaintiff delivers the second load. The defendants receive the rye, as they suppose, upon their own order, without any agreed price. There is no principle of law, which, upon these facts, will hold the

defendants to an agreement to pay six shillings per bushel, when the fact stands in the case, found by the judgment of this court, that Babcock had no authority from the defendants to contract at all in regard to the rye. This agency was merely manual, to take the rye from the plaintiff to the defendants, if he would let it go on the defendant's written order.

The order appealed from must be reversed, and the judgment of the referee affirmed.

Judgment affirmed.