DANIEL SOURWINE AND JAMES H. SOURWINE, RESPONDENTS, *v.* GEORGE TRUSCOTT, APPELLANT.

*Verbal agreement to give a lease — not binding unless all the terms of the lease are settled.*

In an action to recover damages for a breach of a verbal agreement of defendant to lease certain premises to plaintiffs, the defendant claimed that, in the conversation referred to, certain conditions of the lease, and particularly the time of its commencement, had not been definitely settled. His counsel requested the court to charge " that there was no agreement to give a lease if there were any essential matters affecting the rights of the parties left open for further consideration."

*Held,* that the request was a proper one, and that the court erred in refusing so to charge.

APPEAL from an order of the Erie County Court denying defendant's motion for a new trial, made upon a case and exceptions.

*Thomas Cary,* for the appellant. The understanding between all the parties to the negotiations was, that the contract should be reduced to writing and signed by all parties, and a guaranty signed by Haberstro. No action would therefore lie until it was so written and signed. (*Boyd* v. *Hind,* 36 Eng. Law. & Eq., 566; 25 L. J. Ex., 240; *Govenor* v. *Petch,* 28 Eng. Law & Eq., 479; *Townsend* v. *Hubbard,* 4 Hill, 351; 2 Barb., 475; *Townsend* v. *Corning,* 23 Wend., 443; *Fisk* v. *Levine,* 16 La. Ann., 29; *Dodge* v. *Hopkins,* 14 Wis., 630; *Crane* v. *Portland,* 9 Mich., 493; *Morrill* v. *Tehama M. and M. Co.,* 10 Nev., 125.)

*Lyman M. Baker,* for the respondents.

TALCOTT, P. J.:

This is an appeal from the order of the County Court of Erie county, denying a motion for a new trial, in a case in which a ver-

dict was rendered for the plaintiff in that court.   The action was to recover damages for the breach of a parol agreement alleged to have been made between the plaintiffs and the defendant, whereby it is alleged that the defendant agreed to lease to the plaintiffs a certain building in Buffalo, known as the "skating rink," for a term extending to the 15th of February, 1878, at and for the rent of $150 ; but, if the defendant and his co-owners should not want to resume the possession of the building for the purpose of making alterations and repairs thereon by the said fifteenth of February, that the plaintiffs should be permitted to occupy the same for the balance of the season of 1877 and 1878, so long as the building could be used as a skating rink, at the rent of $200 for the whole time of occupancy.

It appears that the conversation about the renting of the building took place on or about the 13th day of December, 1877.

The plaintiffs, as witnesses, represent this conversation as an absolute agreement on the part of Truscott to give the plaintiffs a lease, and, according to their testimony, Truscott was to have the lease prepared the next day.

Truscott, on the contrary, states that there was nothing in the conversation but a treaty for a lease which, as to its general terms, the parties agreed to, but that there were some of the conditions not fully specified in the conversation, and that the terms were to be stated in the lease which was to be drawn up ; and especially that the time when the lease was to commence was not stated in the conversation.   And this appears to be quite probable from the fact that no precise time for the commencement of the lease is stated in the complaint, but it is assumed that it was to commence from the time of the conversation and to extend till the fifteenth of February thereafter.

From the charge delivered by the court to the jury it is obvious, that the controversy on the trial was whether all the particulars and conditions of the lease had been fully agreed on in the conversation between the parties, or whether they were left to be specified when the lease should be formally drawn up and executed.

The defendant's counsel requested the court to charge "that there was no agreement to give a lease, if there were any essen-

tial matters affecting the rights of the parties left open for further consideration." The court refused so to charge, and the counsel for the defendant excepted.

We think the defendant's request involved, as a legal proposition, an undeniable truism. If there had been no absolute agreement made as to all the particulars of the lease which was to be given, if the minds of the parties had not met as to all these particulars, there was no agreement on which an action would lie.

It is of no consequence though the plaintiffs would have been willing to accept such a lease as Truscott might have prepared, or that the parties might have presumed that a lease would be prepared which would be agreed to and executed. Unless the lease in all its terms was agreed upon, then there was no binding contract which could be enforced at law.

If the term when the lease was to commence was left indefinite, to be fixed in the lease when prepared, or if any of the conditions to be contained in the lease were left indefinite, and to be fixed only when the lease should be prepared, there was no such contract as was binding on the parties at law.

Whatever may have been the probability that the parties would not ultimately disagree upon the form of the lease, or however unimportant to the lessees, the stipulations omitted to be specified might be regarded. (*Booth* v. *Bierce*, 38 N. Y., 463; *Cutts* v. *Guild*, 57 id., 229, 234; *Fullerton* v. *Dalton*, 58 Barb., 236, 239.)

The order of the County Court is reversed and a new trial granted in the County Court, costs to abide the event.

SMITH and HARDIN, JJ., concurred.

Order of the Erie County Court refusing to grant a new trial reversed, and a new trial granted in the Erie County Court, costs to abide event.