FRANCIS CRAWFORD, Respondent, *v.* ROSA KASTNER, Administratrix, etc., of ADOLPH F. KASTNER, Appellant.

*Summary proceedings — the justice has no jurisdiction over equitable defenses, in them— when an action will lie to restrain their continuance.*

The plaintiff and the defendant's intestate entered into an agreement, dated March 18, 1876, whereby the latter leased to the former certain premises for the term of four years, "with the privilege of six years more at the same rent." In March, 1880, the plaintiff notified the defendant, the administratrix of the lessor, that he elected to exercise the privilege of renewing the lease, and requested her to execute a lease prepared by him to carry the agreement into effect. The defendant refused to carry the agreement into effect and on May 20, 1880, instituted summary proceedings before a justice of a district court to remove the plaintiff from the premises. The plaintiff brought this action to restrain the continuance of such proceedings and to secure the extension of the lease.

*Held,* that as the justice had not jurisdiction to pass upon the question of the plaintiff's right to an extension of the lease, this action was properly brought and could be maintained.

APPEAL from a judgment in favor of the plaintiff, entered upon an order overruling a demurrer to the complaint.

*Ashbel P. Fitch,* for the appellant.

*Joseph Fettretch,* for the respondent.

Brady, J.:

This action was commenced to compel a specific performance of a covenant in the lease executed between the plaintiff and the intestate, Adolph F. Kastner. The agreement is dated the 18th of March, 1876, and the premises named in it rented for the term of four years, with the "privilege of six years more at the same rent."

It appears that on the 31st of March, 1880, the defendant was appointed the administratrix of the goods, chattels and credits of the intestate, and that she duly qualified; that the plaintiff elected to exercise the privilege contained in the lease, and caused to be prepared an agreement, or lease, in accordance with the privilege mentioned. He executed the lease and tendered it to the defend-

ant, and demanded that she should execute it, and thus carry into effect the intention of the parties. The defendant refused to execute it, or any paper whatever, to carry into effect the agreement mentioned.

It also appears that on the twentieth of May she instituted a summary proceeding, before a justice of a district court in this city, to remove the plaintiff from the premises; whereupon the plaintiff commenced this action for the purpose of restraining the continuance of such proceedings and securing the extension of the lease, to which he was entitled under the original agreement. There can be no doubt that the words "with the privilege of six years more at the same rent" were equivalent to a covenant of renewal, and it is equally free from doubt that the plaintiff was therefore entitled to a specific performance of the covenant. (*Chretien* v. *Doney*, 1 Comstock, 422; *Tracy* v. *Albany Exchange Co.*, 7 N. Y., 472; *Kelso* v. *Kelly*, 1 Daly, 420; *Reed* v. *St. John*, 2 id., 213.)

The objection to the maintenance of this action depends chiefly upon the proposition that the plaintiff's remedy is complete by law, and that in any proceeding to remove him the original lease would be a perfect protection, if the proceedings were predicated of an allegation that the term had expired.

District courts are courts of limited jurisdiction. When a justice presides in a summary proceeding provided by statute, his powers are limited and restricted; equitable defenses are not available. The justice is not vested with any power in equity and can only investigate defenses of a purely legal character. Whether the plaintiff was entitled to the renewal which was contemplated by the original agreement depends entirely upon circumstances — the faithful discharge of the duties imposed by the original lease, the right to exercise the privilege, the exercise of the privilege in a proper way and the performance of such acts in reference to it as were necessary to secure the right to demand the extension of the lease in accordance with it.

These facts and circumstances necessarily required the adjudication, if disputed, of a court of competent jurisdiction, and whether the plaintiff, under all the circumstances disclosed, was entitled to a renewal of the lease or the extension of the term was an issue of

law which the justice was not competent to determine for want of jurisdiction.

The rule is well settled that where the defense is an equitable one in a summary proceeding, application may be made to, and the powers of a court of equity invoked to restrain the proceeding and to transfer the contention to its jurisdiction. (See *Graham* v. *James*, 7 Robt., 473.) For these reasons the proposition suggested by the defendant cannot be maintained.

The agreement set forth in the complaint, which was tendered to the defendant for execution, seems to be in harmony with the privilege to which it related; but the allegation is broader than the mere presentation of that paper, because it is alleged that the defendant refused to execute any paper whatever to carry into effect the agreement between the plaintiff and her deceased husband, and this allegation was admitted by the demurrer. But it appears also in this connection from an averment in the complaint, and affirmatory of the intention of the defendant not to recognize the continuance of the term or the legal force of the privilege, that summary proceedings were instituted to remove the tenant.

For these reasons no doubt is entertained that the judgment appealed from was properly rendered, and it should accordingly be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed.