McAdam, J.
The determination of this motion depends upon whether the provision in the lease creates a conditional limitation or a condition subsequent. *87 The distinction between the two is subtle, and the construction must depend upon each particular case presented. 61 Conditions in law,” which are usually termed limitations, are where a contingency is limited in the grant of the estate, the happening of which shall ipso facto put an end to it. But a “condition in deed” is merely a proviso that the grantee shall, or shall not, do a particular act the breach of which will not ipso facto defeat the estate, but will only give power to the grantor to re-enter, and by such re-entry to avoid the estate. The lease in question is for one year from November 12th, 1881, and the provision for terminating it on five days’ notice is, by the terms of the lease, made to depend on the conduct of the tenant, whether good or objectionable. If good, there was no warrant for the notice ; if bad, the notice was allowable. This objectionable conduct constituted a breach of the condition, and authorized the lessor to re-enter. This right of reentry must be enforced by the ordinary common-law action of ejectment, and cannot be coerced by summary proceedings.
The distinction between this case and Miller v. Levi (44 N. Y. 489), although close, is yet obvious, upon examination. Whether a provision is to be construed as a condition or as a limitation of the estate must depend upon the language employed; and a slight change in the phraseology used in the present lease might have brought it within the rule creating a limitation ; but the present form of the lease creates no more than a condition subsequent.
Conditions tending to defeat a grant are always strictly constrned ; and by applying this rule of interpretation to this case, it follows that the proceedings must be dismissed and the landlord remitted to his appropriate remedy by action.
Order accordingly.