## STEINHARDT *v.* BUEL.

*(Common Pleas of New York City and County, General Term. November 7, 1892.)*

1. LANDLORD AND TENANT—ACTION FOR RENT—WHEN LIES.
     An action for rent will not lie on an oral promise by a tenant to renew a lease for a year on condition that the landlord make certain repairs and additions, where nothing is said about the amount of rent to be paid, since the contract is incomplete and inoperative.

2. SAME—EVIDENCE.
     In an action for rent on such a promise, evidence that the landlord intended the additions to be gratuitous is inadmissible, where the fact was not communicated to the tenant.

Appeal from city court, general term.

Action for rent by Selig Steinhardt against Oliver P. Buel. From a judgment of the general term of the city court affirming a judgment on a verdict for plaintiff, (16 N. Y. Supp. 153,) defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*G. M. Harwood*, for appellant. *Jacob Steinhardt*, for respondent.

PRYOR, J. As to every question submitted to the jury upon conflicting evidence, we are concluded by the verdict in the court below; and, unless the record discloses some error of law in the disposition of the case, we have no alternative but to affirm the judgment. At the close of the evidence the learned counsel for the appellant moved the court to direct a verdict in his favor upon the grounds: *First*, that the proof was insufficient to establish an agreement of any kind between the parties; and, *secondly*, because, if any contract was shown, it was not a present demise, but an executory agreement for a future lease. To the denial of the motion due exception was taken. After verdict, appellant moved for a new trial, because the verdict was against the law, and upon all the grounds in section 999 of the Code. To the denial of this motion, also, due exception was taken. To the constitution of a contract it is an indispensable condition that the minds of the parties concur upon every material term of the proposed agreement. *Justice* v. *Lang*, 42 N. Y. 494: *Trustees of First Baptist Church* v. *Brooklyn Fire Ins. Co.*, 28 N. Y. 153. Hence there is no contract, "unless the minds of the parties meet and fix a price." *Booth* v. *Bierce*, 38 N. Y. 463, 466; *McCotter* v. *Mayor*, etc., 37 N. Y. 325. In August, 1890, appellant being tenant of respondent's flat until 1st October, the parties negotiated for a renewal of the lease for

another year. The treaty terminated in an agreement, on the part of the respondent, that he would make certain repairs and supply an additional room, and, on the part of the appellant, "that, such being the case, he would take the flat for another year." Respondent made the repairs and tendered the additional room; nevertheless appellant refused to execute the lease. But for the flat so repaired and enlarged no price was stipulated, or suggested, even, by the parties; nor was it intimated to appellant that he was to have the repairs and additional room as a gratuity. Respondent's witness testified explicitly that nothing was said on the subject of price or compensation for the succeeding year. In the absence of an agreement as to the rent, no inference is authorized that it was to be the same as before; because the premises let were not the same, but were altered by repairs and enlarged by additions. "If there has been no absolute agreement made as to all the particulars of the lease, if the minds of the parties have not met as to all these particulars, there is no agreement on which an action will lie." *Sourwine* v. *Truscott,* 17 Hun, 432, 434. It results that the alleged agreement was incomplete and inoperative.

Respondent's proposition that his repairs and additions to the premises, made on the strength of appellant's promise to take the lease, operate an estoppel to contest the efficacy of the promise as a legal obligation, is without shadow of support, either in principle or authority. *White* v. *Ashton,* 51 N. Y. 280. The case cited (*Mayor, etc.,* v. *Huntington,* 114 N. Y. 631, 21 N E. Rep. 998) is but an application of the familiar rule that a tenant in possession is estopped to dispute the validity of the contract under which he acquired possession. As there was no evidence to warrant the verdict, it follows that the court erred in denying the motions for a direction and for a new trial.

Another error, still, vitiates the judgment. Plaintiff inquired of his witness, "Why wasn't this extra room mentioned in the lease?" Defendant objected to the question, but it was allowed, and defendant excepted. The answer being, "because it was intended to give it gratis," defendant moved to strike it out, and to a denial of the motion duly excepted. As seeming to show an agreement about price, and so validating the contract, the answer might have been of momentous materiality in the mind of the jury. But it was not legal evidence, because whether the additional room was to be gratuitous had not been communicated to the defendant; and indisputably the secret, undisclosed intention of one party is not admissible to affect the other with liability. The evidence being essentially and irremediably incompetent, no specific objection is necessary to subject it to our revision. *Quinby* v. *Strauss,* 90 N. Y. 664; *Tooley* v. *Bacon,* 70 N. Y. 34; *Merritt* v. *Seaman,* 6 N. Y. 168.

The learned counsel for appellant maintains that, in any aspect of the case, the contract in controversy is but an executory agreement for a lease, and so is incapable of sustaining the present action. We incline to the opinion that the position is tenable; but we need not adjudicate the point, since in any event the judgment must be reversed. Judgment reversed, and a new trial ordered, costs to abide event. All concur.