## KELLY v. VARNES.

(Supreme Court, Appellate Division, Fourth Department. May 22, 1900.)

1. LANDLORD AND TENANT—LEASE—CONSTRUCTION—HOLDING OVER—RENEWAL —ELECTION—NOTICE.
Where a lease provided that it was to continue "for and during the term of one year, with the privilege of a longer time under like conditions," a holding over by the tenant was a sufficient notice of his election to accept a renewal.

2. SAME—RENT—DEFAULT—EFFECT—DISPOSSESSION—SUMMARY PROCEEDINGS.
Where a lease for a year provided that, if the tenant should fail to pay rent when due, the landlord might re-enter the premises or resort to any

legal remedy, the tenant's failure to pay rent did not ipso facto terminate the tenancy, or effect a forfeiture of the lease, and hence the landlord was not entitled to institute summary proceedings to recover possession.

8. SAME—DEFAULT—WAIVER—TENANCY—CONTINUATION.

Where a tenant leased premises for one year from April 1st, at a stated rental, the last installment of which became due on the following November, with privilege of renewal on the same terms, which lease gave the landlord the right to re-enter on failure to pay rent, the landlord, by permitting the tenant to remain in possession after failure to pay rent, and for six weeks after the expiration of the first year, waived the default, and acquiesced in the tenancy for another year.

Appeal from Cayuga county court.

Action by Ann Kelly against Jerome E. Varnes to recover possession of leased premises. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Appeal by Jerome E. Varnes, tenant, from a judgment of the county court of the county of Cayuga, entered in the office of the clerk of that county on the 20th day of December, 1899, affirming a final order of a justice of the peace of the city of Auburn, in said county, rendered on the 10th day of June, 1899, in a summary proceeding, awarding to Ann Kelly, as landlord, the possession of the premises described in her petition, together with $6 costs. On the 1st day of April, 1898, the respondent executed and delivered to the appellant a written lease of the premises, which consist of a dwelling house and farm in the town of Owasco, in said county. The lease provided that it was to continue "for and during the term of one year, with the privilege of a longer term under like conditions, from the first day of April, 1898, which term will end on the first day of April, 1899, subject to the aforesaid privilege." The appellant thereby agreed to pay therefor the annual rent of $112, to be paid as follows: "$25 to be paid between the date of this lease and the first day of May, 1898, and weekly from the first day of May, 1898, to June 1st, 1898, and the remainder to be paid in full by the first day of November, 1898." The lease contained the following provision: "And provided said party of the second part shall fail to pay said rent, or any part thereof, when it becomes due, it is agreed that said party of the first part may sue for the same, or re-enter said premises, or resort to any legal remedy." The foregoing are the only provisions of the lease material to the questions presented on this appeal. The tenant continued in possession after the 1st day of April, 1899, and still retains possession, without having in any other manner manifested his election under the lease to hold the premises for a further term. The landlord made no objection to the tenant's thus remaining in possession until the 17th day of May, 1899, when she served a written notice on the tenant, requiring the latter to remove from the premises on or before the 27th day of May, 1899. The notice did not specify any ground for this action on the part of the landlord. Thereafter, and on the 1st day of June, 1899, the landlord petitioned the justice for a final order to remove the tenant, and stated in the petition that the premises were leased for one year from the 1st day of April, 1898, and that the term expired on the 1st day of April, 1899; that the tenant holds over and continues in possession after the expiration of the term without the consent of the petitioner,—and recites the giving of said notice. Thereupon the justice issued a precept reciting the substance of the petition, and that it had been shown that the tenant remained in possession after the expiration of his term without the permission of the landlord, and after the service of said notice, and requiring the tenant to remove forthwith, or show cause before the justice on the 3d day of June why possession of the property should not be delivered to the petitioner. On the return day of the precept the tenant interposed an answer containing a general denial, and alleging that no sufficient notice had been served, and demanding the dismissal of the proceedings, with costs. On the hearing the petitioner offered the lease in evidence, and showed that $25 was paid to apply on the rent before May 1, 1898, and was then permitted, under the tenant's objection that the evidence was immaterial, to show that no further payment of rent was made. When the petitioner

rested her case, the tenant moved for a dismissal of the petition on the ground that there was no evidence that the tenant was holding over after the expiration of his lease, that the lease was for a term that had not yet expired, and that a sufficient notice had not been served. This motion was denied. The tenant then gave evidence tending to show that he had paid the rent in full, by work, labor, and services. The landlord thereafter gave evidence tending to show that the work, labor, and services were not of the value charged, and were not authorized by her. At the close of the evidence the tenant renewed his motion for dismissal on the same grounds, and the motion was denied. The justice thereafter, and on the 10th day of June, 1899, made a final order awarding possession of the premises ·to the petitioner, on the sole ground "that said tenant remains in possession of the premises described in the petition in this proceeding after the expiration of his term."

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Frank S. Coburn, for appellant.
H. D. Parsell, for respondent.

LAUGHLIN, J. . The provision of the lease with reference to an extension of the term is somewhat indefinite, but not sufficiently so to render it void for uncertainty. It, at least, gave the tenant the privilege of a further term of one year at the rental specified for the first year. Voege v. Ronalds, 83 Hun, 114, 31 N. Y. Supp. 353; Tracy v. Exchange Co., 7 N. Y. 472; Transportation Co. v. Lansing, 49 N. Y. 499; Kolasky v. Michels, 120 N. Y. 635, 24 N. E. 278; Smith v. Littlefield, 51 N. Y. 539; Pugsley v. Aikin, 11 N. Y. 494. The holding over by the tenant for the period specified was sufficient evidence of an election on his part to accept the privilege of an extension for one year under the lease, inasmuch as the lease did not require any other notice of such election. Voege v. Ronalds, 83 Hun, 114, 31 N. Y. Supp. 353; Kelso v. Kelly, 1 Daly, 419–424; McAdam, Landl. & T. (3d Ed.) § 157. The lease under consideration gives the landlord the right "to re-enter" or "resort to any legal remedy" for the tenant's failure to pay the rent as agreed; but it does not, in terms, provide that such failure will ipso facto terminate the tenancy, or effect a forfeiture or cancellation of the lease. In such case the term does not expire by its own limitation. The landlord might have terminated the lease by making a common-law demand (section 1504, Code Civ. Proc., would not be applicable, as rent was not due six months before April 1, 1899) for the rent, and giving notice of her election to declare the forfeiture, and might then have brought an action of ejectment to obtain possession; but then the lease would terminate, not by expiration of the term, but by the election and act of the landlord, and consequently summary proceedings would not lie. Beach v. Nixon, 9 N. Y. 35; Miller v. Levi, 44 N. Y. 492; Kramer v. Amberg (Sup.) 4 N. Y. Supp. 613; Id., 53 Hun, 427–429, 6 N. Y. Supp. 303; Horton v. Railroad Co., 12 Abb. N. C. 30, affirmed in 102 N. Y. 697; Penoyer v. Brown, 13 Abb. N. C. 82; Estelle v. Dinsbeer, 9 Misc. Rep. 487, 30 N. Y. Supp. 243.

The proceeding was instituted on the theory that the tenant's term expired at the end of the first year. It was not contended, however, that the provision of the lease giving the tenant the right to an extension was unenforceable, but it was claimed that the payment of the

rent according to the tenor of the lease for the first year was a condition precedent to the tenant's right to elect to hold for a longer term. It is claimed that the justice has found, in accordance with the petitioner's theory, that the tenant failed to pay the rent for the first year, and that he thereby lost the right of exercising the privilege, conferred by the lease, of holding for a further term. No authority is cited to support this proposition, and we fail to appreciate its force. If the tenant defaulted in the payment of rent for the first year, such default occurred on or before the 1st day of November, 1898. The landlord was then at liberty to proceed to declare a forfeiture, or she could waive such right and acquiesce in the continuance of the tenancy. She took no step to terminate the lease until after the tenant had remained in possession upwards of six weeks under his election to hold for a further term.

It follows from these views that the judgment of the county court and the final order of the justice's court must be reversed, with costs to the appellant. All concur.