WILLIAM T. MORAN et al., Plaintiffs, *v.* QUINCY W. WELLINGTON et al., Defendants.

(Supreme Court, Steuben Trial Term, November, 1917.)

Lease — provisions of — landlord and tenant — action for reformation — judgments.

Where at the expiration of a five years' lease, with privilege to the tenants of a renewal for a like term upon the expiration of the contract on terms " then to be agreed upon," there was no mistake of fact as to its provisions, which were fully known to the parties, and neither fraud nor deception was practiced to procure the tenants' assent to the instrument, which was prepared by the landlord who assumed in good faith to explain the renewal clause, the tenants cannot be heard to complain that they misunderstood the legal import of their contract, which as to the renewal clause was void for indefiniteness.

Where at the expiration of the term and upon the tenants' refusal to surrender possession of the premises they bring an action for the reformation of the lease claiming that they are entitled to a renewal for an ensuing term of five years, but it appears that the landlord declined to arrange any terms for such continued lease and demanded possession of the premises, he is entitled to judgment accordingly.

ACTION upon a written lease.

James O. Sebring, for plaintiffs.

Frank H. Hausner (Halsey Sayles, of counsel), for defendants.

SAWYER, J. This action involves the lease of store premises in the city of Corning, whereby plaintiffs became tenants thereof for a term of five years from February 1, 1912. The lease was prepared by the owner of the premises and contains, among others, the following stipulation: '' With the privilege to the said lessee to renew this lease for the term of five years upon the expiration of this contract upon terms then to be mutually agreed upon.''

Before its execution it was submitted to plaintiffs who after examination suggested various changes which were made. There can be no question but that when executed its contents were fully known by all parties and that no mistake of fact as to its provisions existed. Neither was there any fraud nor deception practiced upon plaintiffs to procure their assent to the instrument. It is true that, in the conversation concerning the proposed lease, the lessor in reply to plaintiffs' inquiry assumed to explain the legal effect of the clause in dispute, but it is not shown nor has it been claimed that such explanation was made in bad faith. Plaintiffs are presumed to have known the law and certainly could easily have procured expert advice upon the subject. If they failed to do this and rested content with their lessor's version thereof, honestly made, they cannot be heard to complain that he was mistaken and that they misunderstood the legal import of their contract. Under the circumstances here portrayed all negotiations must be deemed to have merged in the written instrument, and the plaintiffs' prayer for a reformation thereof denied. To hold otherwise

would be to admit a principle which would open the door to an amendment and consequent avoidance of every contract in writing. *Greene* v. *Smith,* 160 N. Y. 533.

At the expiration of the five years' term plaintiffs refused to deliver possession of the premises, claiming that, under the quoted provision, they were entitled to a renewal for an ensuing term of five years. This defendants deny, have declined to arrange any terms for such continued lease, and demand possession of the property.

In a general way such agreements may be said to come under one of three classes:

*First.* Those which provide for a renewal of the lease for a specified time from its expiration upon terms impliedly the same.

*Second.* Those providing for the continuance of the tenancy after expiration of a lease and containing a definite method whereby the terms for the continuance are to be determined in event the parties fail to agree between themselves.

*Third.* Those providing for the continuance of the tenancy, but without provision as to terms or as to method by which they are to be determined.

Contracts coming within the first and second of such classes are undoubtedly enforcible. 24 Cyc. 991.

That under consideration, however, fails to make any provision for a fixing of its terms, if the parties disagree, and specifically negatives any idea that it is to be renewed upon the same terms. Its condition is that the additional term of five years is to be " upon the terms then to be mutually agreed upon." It presupposes a contract to be made between the parties and only between the parties. Coming, as it does, squarely within the third class alluded to, the question remains: How, if at all, can it be enforced?

In the original lease all the terms are carefully agreed upon — for this continued term only the time is provided; all else, including the sum to be paid as rental, is left for future agreement. No such agreement is had nor can be had by the parties themselves. No third person can intervene to decide what those terms shall be. The court is likewise powerless to do so. Broad and full as its jurisdiction is it cannot make original contracts for parties. Neither has it at this stage of the law's development any process whereby it is enabled to force a meeting of the minds of litigants. Courts can only enforce contracts which the parties thereto have actually made.

This means contracts sufficiently definite for the court to determine what was agreed to. All others are beyond its power of interference and hence void for uncertainty, or as the commonly used phrase is " for indefiniteness."

That portion of the lease which is here under consideration specifically denies any agreement, aside from the term of years, by the parties and presents, as I view it, nothing which the court can interpose to sustain or enforce. It is nothing beyond a consent to make an agreement five years from its date if the parties can or will. That such contracts are void has been consistently held in this state. *Abeel* v. *Radcliffe,* 13 Johns. 297; *Whitlock* v. *Duffield,* 1 Hoff. Ch. 110; 26 Wend. 55; *Tracy* v. *Albany Exchange Co.,* 7 N. Y. 472; *Western Trans. Co.* v. *Lansing,* 49 id. 499; *Sourwine* v. *Truscott,* 17 Hun, 432; *Steinhardt* v. *Buel,* 1 Misc. Rep. 295.

It is interesting in this connection to note that while the Chancery decision in *Whitlock* v. *Duffield,* 1 Hoff. Ch. 110, was reversed in the Court of Errors (26 Wend. 55) the doctrine of lack of obligation in contracts such as this was expressly upheld. *Vide,* page 58.

From the foregoing it follows that defendants must have judgment and that the injunction heretofore granted be vacated, with costs.

Judgment accordingly.