In the Matter of Summary Proceedings: CHARLES D. FRITZ and Others, as Trustees, etc., Petitioners, v. THE CITY OF NEW YORK and Others, Respondents.

Municipal Court of New York, Borough of Queens, Third District, June 25, 1925.

Summary proceedings to dispossess — hold-over tenant — lease, expiring December 31, 1924, contained clause giving tenant privilege of renewal on same conditions for term of five years from January 1, 1925 — landlord permitted tenant to remain in possession until May, 1925, when tenant tendered rental for first quarter — tenant not required to notify landlord of intention to exercise privilege of renewal — proceedings to recover possession of premises dismissed.

Supplementary proceedings to recover possession of premises held under a lease expiring December 31, 1924, and containing a clause giving the tenant the privilege of renewing the lease for a term of five years from January 1, 1925, on the same terms and conditions as were contained in said lease, should be dismissed where the landlord permitted the tenant to remain in possession of the premises until May, 1925, at which time the tenant tendered payment of

the first quarter's rent, since under the terms of the lease the landlord was not entitled to notification of the tenant's intention to exercise the privilege of renewal.

Moreover, the failure of the landlord to take any action until the tenant had occupied the premises five months beyond the date of the expiration of the original lease is some indication that it recognized that the tenant's privilege of renewal had been exercised.

SUMMARY proceeding to recover possession of premises.

*Charles Podsen,* for the petitioners.

*Rollin H. Reid [George P. Nicholson, Corporation Counsel],* for the respondents.

EDWARD KELLY, J.:

The landlords seek to recover possession of premises at Ridgewood, in the borough of Queens, leased to the city of New York and occupied by the Municipal Court of the City of New York, Borough of Queens, Third District, on the ground that the lessee is holding over after the expiration of a five-year lease which the landlords contend expired on December 31, 1924. The lease contained the following clause: " It is mutually covenanted and agreed between the parties hereto that the party of the second part shall have the privilege of a renewal of the within lease for a term of five years from the first day of January, 1925, on the same terms and conditions as are herein contained."

After December 31, 1924, the city remained in possession of the premises, and on May 14, 1925, tendered a check or voucher for the sum of $500 in payment of the first quarter's rent, viz., January 1, 1925, to March 31, 1925. This tender was rejected by the landlords, who contended that the city's failure to notify them prior to December 31, 1924, of its intention to exercise the privilege of renewal granted in the lease, and the action of the city in submitting a new lease for five years, viz., January 1, 1925, to December 31, 1929, for execution by the landlords on April 17, 1925, showed the city's intention not to exercise its privilege under the terms of the old lease. The lease submitted by the city on April 17, 1925, was similar in all respects to the old lease, with the exception that three paragraphs were omitted. One paragraph referred to the right of the landlords to enter the premises on the city's failure to pay the rent, another contained the usual clause in reference to the destruction of the premises by fire, and the third contained the usual provision in reference to leaving the premises in good condition.

It seems to me that it was unnecessary for the city to notify the landlords of its intention to exercise the privilege of renewal. It was not compelled to do so under the terms of the original lease. It was an absolute right, expressly granted. The city's remaining

in possession and the landlords' failure to take any action until May clearly indicates that both parties recognized that the privilege of renewal had been exercised. Had the rent been tendered on the day when it was due, instead of on May fourteenth, then the terms of the lease would have been strictly complied with. I do not think by its delay the city surrendered its right to renew the lease. The cases seem to hold to the contrary.

In *Chretien* v. *Doney* (1 N. Y. 419) the lease contained the following: " The said Doney to have the privilege to have the premises for one year, one month and twenty days longer; but if he leaves he is to give four months' notice before the expiration of this lease." The petition alleged: " That he [Doney] had given no notice of his intention to hold the premises after the 10th of March, 1846; and that the said Doney, or the person above named, held over and continued in possession of the premises, after the expiration of said lease, without the permission of the deponent, and against his will." The court said, through RUGGLES, J.: " The lease from Chretien to Doney was a lease for one year, or for two years, one month and twenty days, at the option of Doney. Doney's election to give up the premises at the end of the first year, was to be signified by a notice of at least four months before the expiration of that year. If he failed to give that notice, the contract became a lease for the longer time. No new writing or agreement was contemplated between the parties. Although the amount of rent and the time or times of payment for the extended term are not expressed, that omission is supplied by construction of law. * * * The affidavit of the landlord, on which the proceedings before the commissioner were founded, does not state that Doney gave the notice mentioned in the lease that he intended to leave the premises at the expiration of the first year; and this notice was necessary to put an end to the lease at that time." In *Kelly* v. *Varnes* (52 App. Div. 100) the lease provided that it was to continue " For and during the term of one year, with the privilege of a longer term under like conditions from the 1st day of April, 1898, which term will end on the 1st day of April, 1899, subject to the aforesaid privilege." The tenant continued in possession after the 1st day of April, 1899, without having in any other manner manifested his election under the lease to hold the premises for a further term. The court said through LAUGHLIN, J.: " The provision of the lease with reference to an extension of the term is somewhat indefinite, but not sufficiently so to render it void for uncertainty. It at least gave the tenant the privilege of a further term of one year at the rental specified for the first year. (*Voege* v. *Ronalds,* 83 Hun, 114; *Tracy* v. *Albany Exxchange Co.,* 7 N. Y. 472; *West-*

*ern Transportation Co.* v. *Lansing,* 49 id. 499; *Kolasky* v. *Michels,* 120 id. 635; *Smith* v. *Littlefield,* 51 id. 539; *Pugsley* v. *Aikin,* 11 id. 494.) The holding over by the tenant for the period specified was sufficient evidence of an election on his part to accept the privilege of an extension for one year under the lease, inasmuch as the lease did not require any other notice of such election. (*Voege* v. *Ronalds, supra; Kelso* v. *Kelly,* 1 Daly, 419, 424; McAdam Landl. & Ten. [3d ed.] § 157.)"

In *Western N. Y. & Pa. R. Co.* v. *Rea* (83 App. Div. 576, 577) the owner of certain premises in Buffalo, by an instrument under seal, leased the premises to the defendant Walker for a term of three years with " the privilege of continuing in possession for the further period of five years." The court said, through Hiscock J.: " We have discussed this case upon the theory that the tenant under the terms of his lease was entitled to a renewal for the term of five years upon the rent originally reserved. The provision of the lease that he was to have the privilege of continuing in possession for the further period of five years was equivalent to a covenant of renewal. (*Crawford* v. *Kastner,* 26 Hun, 441.) And a simple covenant of renewal for a specified term with no provisions as to the rent implies a renewal at the same rent as originally provided. (*Tracy* v. *Albany Exchange Co.,* 7 N. Y. 474; *Western Transportation Co. of Buffalo* v. *Lansing,* 49 id. 499, 503.) "

In *Meyrowitz* v. *Smith* (185 N. Y. Supp. 91) the Appellate Term in the First Department stated in a *per curiam* opinion: " The contention of the tenant is that she was remaining on the premises under a valid renewal provided for in her lease. The lease is ' for the term of one year commencing May 1, 1919, and ending April 30, 1920, and a privilege of one year more.' We do not think that it can be doubted that this was for all practical purposes, at the tenant's option, a two-year lease."

The rule is well stated with citation of authorities in Lawyers' Reports Annotated, 1916E (p. 1232): " By the weight of authority, where a lease provides that the tenant may have, at his option, an extension for a specified time after the expiration of the term agreed upon in the lease, or may occupy for an extended term, including the term specified, the mere holding over after the expiration of the specified term will constitute an election to hold for the additional or extended term, and the tenant, after holding over beyond the first term without any new arrangement, is bound for the additional or extended term as fully and completely as though that term had been originally included in the lease when executed."

Judgment is, therefore, rendered in favor of the tenant, dismissing the landlords' petition on the merits.