We find no error in the record, and the judgment will be affirmed.

*Judgment affirmed.*

BUCHWALTER, P. J., and CUSHING, J., concur.

---

THE COHARE REALTY CO. v. STILSON.

*Landlord and tenant—Liability as hold-over tenant—Thirty days notice of intention to vacate not given landlord.*

Where lease provided for renewal from year to year, unless either party gave 30 days written notice before expiration, tenant's liability thereunder was not terminated by notice and vacation of premises one day before expiration of term.

(Decided October 4, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. White, Cannon & Spieth,* for plaintiff in error.
*Mr. Charles S. Reed,* for defendant in error.

SULLIVAN, J. This cause comes into this court on proceedings in error from the municipal court of the city of Cleveland, wherein the parties stood in the same relation as in this court, and upon an agreed statement of facts a judgment was rendered by the court for the defendant below. A pure question of law arises as to whether under the stipulated facts such a judgment is erroneous.

The plaintiff in error was the landlord and the defendant in error a tenant of a certain apartment

house, under a lease running for the term of one year from October 1, 1924. It contained the following clause, to-wit: ''This lease will renew itself from year to year unless either party notifies the other with 30 days written notice before its expiration.''

The defendant entered into possession and vacated the same upon the expiration of the year, September 30, 1925, and since that time has refused to pay any rent for the premises. A suit was commenced to recover the rentals for the months of October, November, and December, 1925, during which period of time the apartment was unoccupied.

The statement of defense admitted the execution of the lease containing the renewal clause herein set forth, and admitted the possession and occupancy of the apartment and the vacation of the same September 30, 1925, but averred, and it is admitted in the statement of facts, that on September 5, 1925, she sent notice to the plaintiff of her intention and desire to vacate the premises and terminate the lease, and claims her notice was in substantial compliance with the terms of the lease. The defendant also pleaded the failure of the plaintiff to have the premises in a fit and habitable condition, so that she was excused from paying part of the rent and was led to believe that the lease did not commence until October 15, 1924.

The reply of plaintiff denied any default, and denied that the premises were not in a fit and habitable condition, and further denied that the defendant was released from paying rent, or that the

terms of the lease were different from the terms set forth therein.

The agreed statement of facts stipulates that the only notice given by the defendant to the plaintiff of her intention to terminate the lease in accordance with the renewal clause was the mailing of a letter dated September 5, 1925, to the plaintiff, which was received by the plaintiff on September 9, 1925.

The question, therefore, before this court, is the construction of the renewal clause of the lease.

After an examination and study of the pleadings and the agreed statement of facts, and of the intent and meaning of the clause in question, in the light of all the circumstances surrounding it, we have come to the conclusion that there is no ambiguity or uncertainty in the language of the clause, and that it is simply and clearly susceptible of such interpretation as is logically deducible from the language itself. It is clear that the parties themselves contracted with the idea that the renewal of the lease was dependent upon 30 days written notice before expiration. The very language makes the period of time, to-wit, 30 days, one of the essential elements of the contract. Inasmuch as it clearly appears from the record that the defendant was in default in giving the 30 days notice mutually agreed upon, it necessarily follows, under the agreed statement of facts, that the court erred in rendering judgment for the defendant, and it cannot be so found on the ground that there was a substantial compliance with the contract, because substantially one-third of the period of time had expired before plaintiff had received notice of the

intention of the defendant to vacate the premises and terminate the lease. This was clearly in violation of the provision of the contract assented to by the defendant, and made as much for her benefit and protection as for the benefit and protection of the plaintiff in error.

The defendant in error, to sustain the action of the court below, quotes Corpus Juris, volume 35, page 1008, which reads as follows: "A contract for extension or renewal of a lease must specify its terms and conditions of their renewal or extension with such definiteness and certainty that the court may determine what has been agreed upon, and if it falls short of this requirement, it is not enforceable."

The following authorities are then cited: *Moran* v. *Wellington* (Sup.), 167 N. Y. S., 465, 101 Misc. Rep., 594; *Kollock* v. *Scribner,* 98 Wis., 104, 73 N. W., 776; *Sterenberg* v. *Beach,* 219 Ill. App., 68; *Pray* v. *Clark,* 113 Mass., 283; *Columbia Ry., Gas & Elec. Co.* v. *Jones,* 119 S. C., 480, 112 S. E., 267.

These authorities, in our judgment, are applicable to the instant case, but in favor of the contention of the plaintiff in error, for the reason, as before stated, that the language of the clause specifies definitely and with certainty what has been agreed upon, and, inasmuch as it does not fall short of the needed requirements, under the authorities cited it is enforceable.

It is also urged that the following citation from Corpus Juris, volume 35, page 1010, Section 125c, supports the contention of the defendant in error when it says:

"If there is any uncertainty or ambiguity in the provisions relating to renewals, the construction will be in favor of the tenant, rather than in favor of the landlord, because the latter, having the power of stipulating in his favor, had neglected to do so, and also upon the principle that every man's grant is to be taken most strongly against himself."

This authority only applies in case of uncertainty or ambiguity in the language relating to renewals, but it is clear from the clause in question here that no such condition exists.

Another authority which is quoted by counsel for defendant in error is *Wilcox* v. *Montour & Co.,* 147 Pa., 540, 23 A., 840, and a reading of that authority clearly supports the contention of the plaintiff in error for a judgment under the agreed statement of facts.   We read:

"A lease for  *  *  *  one year,  *  *  *  provided that  *  *  *  'from and after the expiration of the term hereby created this lease shall be deemed to be renewed and in force for another year, and so on from year to year unless either party shall have given to the other notice of its intention to determine said tenancy sixty days prior to the expiration of any current year.'  *Held,* that sixty days notice was required to be given by the lessee  *  *  *  in order to determine the tenancy."

It seems to the court that this authority clearly applies to the views of the court herein expressed, for this authority distinctly holds that the notice is required to terminate the lease.

The judgment for the defendant could not flow

from the agreed statement of facts. On the contrary, we think it does violence to the status of the record, and a judgment in favor of plaintiff is the judgment which the court below should have rendered. The judgment of the lower court is hereby reversed.

*Judgment reversed.*

LEVINE, P. J., and VICKERY, J., concur.