THE COHARE REALTY CO. *v.* STILSON.

(Decided October 10, 1927.)

*Messrs. White, Cannon & Spieth,* for plaintiff in error.

*Messrs. Reed & Hazelwood,* for defendant in error.

VICKERY, J. This cause comes into this court on a petition in error to the municipal court of the city of Cleveland. It is the second time the case has been before this court, and the present record does not reflect much credit upon the manner in which lawsuits are tried in the courts of this city.

The suit was brought on a lease, to recover for three months rent at $80 per month, and a statement of claim was filed, setting up the plaintiff's claim, and a statement of defense filed, which statement of defense admitted the execution of the lease and the going into possession under the lease, and all and singular the things alleged in the petition, except that defendant held over. She admits moving out, and admits that no rent was paid after she moved from the premises. In other words, everything was admitted which was necessary to maintain plaintiff's case, if the lease would bear the construction that the plaintiff put upon it. That case was tried upon an agreed statement of facts, as is shown by the record, and as was argued in this court.

At the previous hearing in this court, 22 Ohio App., 432, 154 N. E., 53, Judge Sullivan wrote a very exhaustive opinion, in which he analyzed the lease and the provisions of it, and held that there was nothing ambiguous about them, and inasmuch as all the facts were admitted—that this party did not give the desired 30-day notice, that she was going to vacate, but held over one-third of the time — the

lease *eo instanti* had become operative for another year. I should state, in passing, that the lease was for one year, with the provision that it would continue itself, unless the landlord, who was plaintiff below, should terminate the lease by giving 30 days notice before the expiration thereof, and that it would re-enact itself unless the defendant below, the defendant in error here, gave a 30-day notice she did not desire to stay over for the ensuing year. It was admitted that this notice was not given to the plaintiff below, plaintiff in error here, until about the 5th or 9th of the month, while it should have been given on or prior to the first.

The court below, under this state of the record rendered a judgment for the defendant below and against the plaintiff in error in this action. As already stated, error was prosecuted to this court and an opinion by this court, written by Judge Sullivan, concurred in by the other members of the court, held that the court committed error and the case should be reversed, and that final judgment should be entered for the plaintiff below. For some reason a journal entry was O K'd by the presiding judge, which remanded the case to the trial court, whereupon the case went back to the trial court, and hence arose a series of singular transactions.

Notwithstanding admission of making the lease, notwithstanding defendant below had signed the paper which purported to be a lease, notwithstanding defendant below went into possession under that lease, and notwithstanding the case was tried upon an agreed statement of facts, in which she conceded there was this lease, the defendant below sought for and obtained leave to file an amended statement

of defense, which denied the execution of the lease and apparently raised an entirely new issue.

At the trial of the case the plaintiff sought to introduce the lease. It was objected to and for some reason was ruled out, and then, curious as it may seem, counsel for the defendant below procured a directed verdict by the court because this lease was not in evidence, although it was offered at least four times. Another singular transaction took place, and that was that the plaintiff sought to introduce the admissions of the defendant by introducing the former statement of defense. Under objection, the learned court held that that was in another case, or words to that effect, and was not admissible now. Counsel sought to introduce the admissions of the defendant in the first trial in the court below. That was objected to and ruled out by the court, and it seems that almost everything that the plaintiff offered was objected to, and the objection sustained by the court. On what theory no one knows. Surely it is not sustained by the authorities.

Another strange thing happened. The lawyer who argued this case in court boldly denied here that the case below was submitted in the first instance upon an agreed statement of facts, and he denied that there had been any admission in the statement of defense as to the making of this lease. In the face of this record one wonders at such statements of counsel.

It seems that the sole contention of the defendant below, defendant in error here, was that this lease, which counsel prefers to call a paper, was no lease at all, and counsel argues that it was defectively executed. It seems to have been executed by the plain-

tiff, which is a corporation, by its general manager, and thus it was signed both by the plaintiff and by the defendant. It must be remembered that this lease was for one year only, and one which might be made a continuing lease by the provisions of the lease itself. Now it is argued, in spite of the admissions in this record, in spite of the fact that the defendant went into possession and paid the rent to the plaintiff, that there was no lease, for the reason, as counsel alleges, that it was defectively signed, that is, that the manager had no authority from the board of directors to sign this lease. It must be remembered that the *plaintiff* is not availing itself of this. The company ratified the act. If the manager had no such authority to make this lease, which he probably did have from his general authority, but, assuming that he had not, the plaintiff company is not making any claim for that. It received these rents and recognized this as a lease and agreed to the terms therein set out. Let us reverse this proposition. Suppose the plaintiff, at the expiration of the first year, when the tenant did not give notice of an intention to terminate this lease, had sought to terminate it by seeking to evict the tenant, and had sought to plead a defectively executed lease, that is, that it was signed by the corporation by its manager, how far do you think the plaintiff would have got in any court? The doctrine of estoppel would have been a complete answer. The rent having been received by the plaintiff, the lessor, and plaintiff having recognized this person as a tenant under the terms of this writing, it would be bound by it. If that would be true if plaintiff sought to evade the provisions under discussion, and there can

be no question as to the truth of the proposition as applied to the plaintiff, why would it not be equally true when applied to the tenant? The tenant went into possession under and by virtue of this written lease. She paid the rent in accordance with the terms of this lease for the entire period, less the deductions made, not for the reason urged in argument by counsel for defendant, but because they had made a concession, inasmuch as she had a tenancy in another place and had to move into a new place and they wanted to make it easy for her, not that the terms of the lease were changed, and not that they were modified, in any way. She had a tenancy somewhere else, and they held this property for her, and she apparently wanted this lease.

In the first place, we think the lease was not defectively executed. It was executed by the corporation, by its managing officer, and the by-laws of the corporation would not affect it in the least. The managing officer would have the right to make a contract such as the one in the instant case.

It is rather amazing that after a question of this kind had been before the court, and the reviewing court had decided it as we did when the case was here before, this question should be raised again. One doubts the propriety of admitting an amendment which changes the whole tenor of the action. In spite of all the admissions and concessions made in the former case, it does not savor well for the administration of the law if a person is permitted to contradict the whole record in order to get around the decision of a court. There can be no question that according to the way this case was decided by the court, there should have been a final

judgment for the amount sued upon, because there was no question as to the length of time this property was vacant, there was no question as to the amount of the rent, and there was no question as to the ruling laid down by this court of the amount that was due. The law of this lease was determined and fixed by this court in that decision, and it is sought now to evade the effect of that law by a course of proceeding which, I think, is unprecedented in any court. The very paper upon which plaintiff sued is not permitted to go into the record. The very admissions which go to the heart of the defendant's contention, admissions against interest, as plaintiff claimed, were ruled out. Apparently everything which tended to make for the plaintiff's case was ruled out, and finally the case was taken from the jury and a verdict directed in favor of the defendant.

It is argued here that there was not any agreed statement of facts, and that there was not any waiver of a jury in the court below, in the, first instance. Well; if I understand the rules of the municipal court, if you want a jury you have to demand it. It does not have to be waived. But the whole record in this case shows conclusively, without any equivocation, upon the admissions of the defendant, and upon the agreed statement of facts, that the only question involved was whether giving notice five days or nine days after the last month had started was a substantial compliance with that contract. That was the sole defense raised in the first trial. Now, it does not speak well for the administration of justice if a different position is admitted by changing the whole status, as is sought to be done here.

In our judgment, a statement of defense should not have been permitted to have been filed. Inasmuch as it was filed, it was error of the court to keep out this lease. It was error for the court to keep out the admissions of defendant in the first trial. It was error for the court to direct a verdict for the defendant.

We think from this whole record, as before the court, the contract having been construed and the law settled in the former case by this court, which is still the law of this case, that this court will do what it should have done before. It will reverse this case and enter up final judgment for the plaintiff below for the amount sued upon; for the admissions stand in the record and there was no defense introduced which offsets those admissions.

The judgment will therefore be reversed and a final judgment for the plaintiff below be entered.

*Judgment reversed and judgment for plaintiff in error.*

SULLIVAN, J., concurs.

LEVINE, J., concurs in the judgment of reversal, but dissents from the entering of a final judgment.