In the Matter of the Estate of KATHERINE R. BEDELL, Deceased.

Surrogate's Court, Richmond County, July 23, 1941.

*Alfred J. Cawse, Jr.*, for George Bedell, petitioner.

*Herdling & Scharf*, for Anna E. Krummel, as executrix, etc.

BOYLAN, S. This is a proceeding by the husband of decedent to reform a general release and obtain the exemption provided for by section 200 of the Surrogate's Court Act. The executrix presents as a defense a general release, which releases her individually and as executrix, " Of all and from all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or equity." This release was given on the settlement of a discovery proceeding involving the proceeds of certain industrial insurance policies. The petitioner contends that it is not a bar to this proceeding since it was not intended that the release embrace the amount he was entitled to under section 200 of the Surrogate's Court Act and in support of this contention offers in evidence a letter from the attorneys for the executrix which stated in part: " We will accept the sum of $100 and a general release from Mr. Bedell to Anna E. Krummel, individually and as executrix of the estate of Katherine R. Bedell, deceased, in settlement of the claim of the estate against Mr. Bedell for the proceeds of industrial insurance policies which he collected from the Prudential Insurance Company of America."

It was necessary for the petitioner to show what the agreement of the parties to the general release was and that the general release did not express the agreement. The petitioner contends that it was not his intention to release his right to a $300 exemption under section 200 of the Surrogate's Court Act, but there is no proof in the record to show that the executrix had a like intention. The letter above referred to states in part, " We will accept the sum of $100 *and a general release* from Mr. Bedell." The petitioner has offered testimony that immediately preceding the execution of the general release the parties did not discuss his right to the exemption under section 200 of the Surrogate's Court Act, but it was established that he had knowledge of that section as the matter was discussed at the time of the hearing in the discovery proceeding. Knowing of this section he nevertheless failed to make a reservation in the general release so as to limit the effect of it. The petition states that by the mistake of the petitioner and the executrix the general release was incorrectly drawn and does not express the actual agreement of the parties thereto.

To overcome the presumption that the writing contains the entire agreement the petitioner must prove by clear and convincing testimony that a mutual mistake has been made or that there was a mistake on one side and fraud on the other. (*Lake View Brewing Co.* v. *Commerce Ins. Co.*, 143 App. Div. 665; affd., 207 N. Y. 746; *Lewitt & Co., Inc.*, v. *Jewelers' Safety Fund Society*, 249 id. 217; *Metzger* v. *Ætna Ins. Co.*, 227 id. 411.) In *Avery* v. *Equitable Life Assurance Society* (117 N. Y. 451, 458) the court said: "An agreement between parties is presumed to contain what they intended and to comprise their whole sense of the subject-matter and, therefore, when it is made to appear that, by a mutual error, the contract varies from their intent; or that, by some fraudulent practices, there has been a suppression, or omission, or insertion of material matter, which would operate as a surprise, or a fraud upon a party, ground for relief is made." The proof must be of the highest quality because as is stated in Pomeroy's Equity Jurisprudence ([4th ed.] § 859): " Courts of Equity do not grant the high remedy of reformation upon a probability, nor even upon a mere preponderance of evidence but only upon a certainty of the error."

"A mistake preventing consent is a mistake of intention and not of expression. * * * It is merely an error in the expression of the agreement, in which case a court of equity may reform it to make the written contract, in its altered form, express the true agreement of the parties. However, since even a court of equity cannot make a contract for the parties, in order for reformation to be decreed the mistake must be mutual." (Richardson on Contracts [5th ed.], p. 43, citing *Baird* v. *Erie R. R. Co.*, 210 N. Y. 225; *Curtis* v. *Albee*, 167 id. 360.) One who enters into a plain and unambiguous contract cannot avoid his obligation by showing that he erred in his understanding of its terms. (*Hayward* v. *Wemple*, 152 App. Div. 195; affd., 206 N. Y. 692.) A mistake on the part of one of the parties as to the legal effect of a contract, the terms of which he knows, is generally no ground for relief. (*Moran* v. *Wellington*, 101 Misc. 594.) If both parties intended that this release should be limited to the discovery proceeding then the court might grant relief (*Maher* v. *Hibernia Ins. Co.*, 67 N. Y. 283; 5 Williston on Contracts [Rev. ed.], § 1585; Restatement, Contracts, § 504); but if one party thought that the legal effect of the instrument would include the exemption under section 200 and the other did not and there was no fraud established the court cannot grant relief. (*Moran* v. *Wellington, supra.*)

The court is convinced that the petitioner knew of section 200 of the Surrogate's Court Act, that he was the only party mistaken as to his legal rights under it, and that there was no fraud or decep-

tion on the part of the executrix. · The petitioner has failed to sustain the burden of showing that there was a mistake in reducing the agreement to writing; or that the general release did not express the agreement made; or that there was a mutual mistake or a mistake on one side and fraud on the other. The court refuses to reform the general release and holds that as it is complete and all-embracing it constitutes a good defense to the proceeding for the exemption of $300 provided for by section 200 of the Surrogate's. Court Act. The petition is dismissed.

Submit decree on notice in accordance herewith.