CHRETIEN *vs.* DONEY and others.

A executed to B. a lease of certain premises for one year, containing a clause in these words: " B. to have the privilege to have the premises for one year, one month and twenty days longer, but if he leaves he is to give four months notice *before the expiration of this lease.*" *Held,* that the lease created a term for the full period of two years, one month and twenty days, defeasible at the election of the tenant, after one year, by giving notice of his intention to leave the premises, four months previous to the expiration of the year.

Where the landlord obtains possession of the demised premises by summary procee.l-
ings which are reversed in the supreme court upon *certiorari*, that court should
not award restitution to the tenant, if the term has expired before the judgment
of reversal is rendered.

On error from the supreme court.   John Chretien, on the
11th day of March, 1846, instituted proceedings before a su-
preme court commissioner, under the statute authorizing sum-
mary proceedings to recover the possession of demised premises.
In his affidavit, presented to the commissioner, he set forth a
lease under seal, executed between himself and John Doney,
dated the 5th of March, 1845, whereby he demised to said John
Doney certain premises, known as the Farmers' Exchange, in
the city of Buffalo, for one year from the 10th day of March
then instant, at a rent of five hundred dollars ; fifty dollars pay-
able down, and the remainder in seven equal monthly instal-
ments, the first to be paid on the 10th day of April then next.
The lease contained a clause by which it was to become void
in case the lessee should " demise or assign" the premises with
out the consent of the landlord.   The last clause in the lease
was in these words :  " *The said Doney to have the privilege
to have the premises for one year, one month and twenty days
longer ; but if he leaves he is to give four months' notice before
the expiration of this lease.*"   The affidavit further stated
that Giroux and Wilson, or one of them, was in possession
of the premises, holding the same as the assignees, lessees,
or agents of said John Doney, to whom said Doney had sold or
assigned his interest in said lease before the expiration of the
term ; that the said John Doney, as the deponent was informed
and believed, lived at Rochester ; that he had given no notice of
his intention to hold the premises after the 10th of March, 1846 ;
*and that the said Doney, or the persons above named, held
over and continued in possession of the premises, after the ex-
piration of said lease, without the permission of the deponent,
and against his will.*

Upon this affidavit the commissioner, on the 4th of March,
1846, issued his summons directed to Giroux, Wilson, and Do-
ney, and requiring them to remove from the premises, or show

cause, on the same day at four o'clock. The summons was served at half past one o'clock, P. M., of the same day, personally on Wilson and Giroux, and on Doney by delivering a copy to Wilson, a person of mature age, residing on the premises, Doney being absent from the premises and in the city of Rochester, his last place of residence being, as the affidavit of service stated, on the premises. At the time mentioned in the summons, Giroux alone appeared before the commissioner, and made oath in writing that he was the agent of Doney, the lessee, and as such was in possession of the premises under the same lease set forth in the landlord's affidavit; that under the last clause in said lease, no notice was necessary unless the lessee concluded to surrender the premises; that the said " *Doney, or the persons named in the affidavit of John Chretien, are not holding over, and do not continue in possession after the expiration of the term, without permission;*" that said Doney was holding the premises under the lease and agreement aforesaid, and intended to hold for one year, one month and twenty days from the 10th day of March, 1846; and that on the 14th day of February, 1846, he gave notice of such intention to said Chretien.

Giroux also objected before the commissioner to any further proceedings in the matter, on the ground *that it did not appear by the affidavit of the landlord that either of the persons summoned held over after the expiration of the term granted by the lease.* The objection was overruled by the commissioner, who also decided that John Doney himself should have made the affidavit instead of Giroux, no reason being given why it was not made by Doney; and that, even if the affidavit was properly made by Giroux, it was not a sufficient denial of the facts upon which the summons was issued. The commissioner therefore immediately issued his warrant of removal in the usual form, under which the landlord was put in possession of the premises. The supreme court, on certiorari, reversed the proceedings, and awarded restitution. The judgment of reversal and restitution was rendered in December, 1847.

*R. Germain & N. Bennett,* for the plaintiff in error.

*J. B. Lathrop & H. Seymour, Jr.* for the defendants in error.

Ruggles, J.   The lease from Chretien to Doney was a lease for one year, or for two years, one month and twenty days, at the option of Doney.   Doney's election to give up the premises at the end of the first year, was to be signified by a notice of at least four months before the expiration of that year.   If he failed to give that notice, the contract became a lease for the longer time. No new writing or agreement was contemplated between the parties.   Although the amount of rent and the time or times of payment for the extended term, are not expressed, that omission is supplied by construction of law.   The right to hold during the extended term is given to Doney in plain and express language, in the lease; and the legal inference is that he should pay rent at the same rate as for the shorter term, and at corresponding times.   The rent, therefore, for the extended term was at the rate of $500 a year—ten per cent. of which was payable at the commencement, and the residue in seven equal monthly instalments.

The affidavit of the landlord, on which the proceedings before the commissioner were founded, does not state that Doney gave the notice mentioned in the lease that he intended to leave the premises at the expiration of the first year; and this notice was necessary to put an end to the lease at that time. There is a provision in the lease that if Doney, the tenant, should assign his lease without the consent of the landlord, then the lease should determine and be void.   And the landlord, in his affidavit, does say that Doney had sold or assigned his interest in the lease and premises before the expiration of the lease; but he does not say that he sold or assigned without the lessor's consent.

The landlord, in his affidavit, therefore, does not show that the tenant's term was at an end, either by lapse of time or otherwise, nor is there enough in the affidavit to show the tenant's possession unlawful.   This objection to the sufficiency

of the affidavit was made before the commissioner, and over-ruled. The commissioner erred, therefore, in proceeding to remove the tenant, and the supreme court was right in reversing his decision.

But when the judgment of the supreme court was rendered the extended term of the lease had expired, and Doney's right of possession had ceased. That part of the judgment of the supreme court which restores him to the possession of the premises, is therefore erroneous. It was probably entered by the attorney without being so ordered by the court. It stands on the record, however, and must be reversed.

But we are of opinion that under the 48th section of the statute under which this proceeding was had, (2 *R. S.* 516,) the supreme court had the power of giving costs on the reversal of the judgment of the commissioner, whether they awarded restitution or not. The judgment of the supreme court ought therefore to be affirmed in all respects except as to the award of restitution. That part of it should be reversed. The judgment being reversed in part and affirmed in part, neither party should recover against the other his costs on the writ of error in this court.

Ordered accordingly.

JEWETT, Ch. J., dissented.