House *v.* Burr.

---

## HOUSE *vs.* BURR and SPENCER.

A lease was executed for a term commencing the 1st day of July, 1853, and ending the 1st day of July, 1855, " with the privilege of two years more, if desired," one month before the expiration of the period specified, at a certain yearly rent, to be paid monthly during the term, with a clause expressing that the lessees had hired and taken the premises " for the term and at the rent aforesaid," and that they agreed to pay the rent.

*Held* that it was not contemplated by the parties that in case the lessees should desire the premises for the additional two years, a new lease should be made, embracing the further time; but that it was intended the present lease, on notice being given, should cover the whole period. And that the agreement to pay rent was co-extensive with the entire term of the lease, not only as it was originally fixed, but as it should be extended according to the provisions of the lease.

And the lessees having, more than a month prior to the 1st of April, 1855, by writing on the back of the lease, assigned the same to other persons, after informing the lessor's agent that the assignees wanted the premises for the additional term, and obtaining his consent; it was *further held,* that this was a sufficient notice to effect the extension of the lease provided for.

*Held also,* that the lessees were liable for the rent for the month of April, 1855, notwithstanding their assignment of the lease; and that the consent of the lessor's agent to the assignment, did not discharge them from that liability.

*Held further,* that the transaction did not amount to a surrender of the lease, by the lessees, and the giving of a new lease to the assignees.

APPEAL from a judgment of the Monroe county court. The action was commenced before a justice of the peace, and was brought to recover rent claimed to be due upon a lease. The justice rendered a judgment in favor of the defendant,

which was affirmed, on appeal to the county court. From the latter judgment the plaintiff appealed to this court.

*A. Lathrop,* for the appellant.

*J. N. Pomeroy,* for the respondents.

*By the Court,* T. R. STRONG, J. The lease in this case was for a term commencing the 1st day of July, 1853, and ending the 1st day of July, 1855, "with the privilege of two years more, if desired" one month before the expiration of the period specified, at a certain yearly rent, to be paid monthly during the term, with a clause expressing that the lessees, the defendants, had hired and taken the premises "for the term and at the rent aforesaid," and that they agreed to pay the rent. It is apparent from the phraseology employed, that it was not contemplated, in case the lessees should desire the premises for the additional two years, that a new lease should be made, embracing the further time, but that it was intended the present lease, on notice of such desire by the time prescribed being given, should cover the whole period. The term of this lease might, at the election of the lessees, and upon such notice, be extended two years. The agreement to pay rent was for the term, and was co-extensive with the entire term of the lease, not only as it was originally fixed, but as it should be extended according to the provisions of the lease.

The defendants, by writing on the back of the lease, assigned the same to other persons, after informing the agent of the plaintiff, that the assignees wanted, and obtaining the consent of the agent to the assignees having, the premises for the additional time. This was more than a month prior to the 1st day of April, 1855; and this information from the defendants to the agent, with the consent given by him, was, without anything further, a sufficient notice to effect the extension of the lease provided for. The defendants could not have more clearly made known to the agent their desire for such extension,

than was done by telling him it was desired, and procuring his consent to it.

Upon this notice being given, and the lease being thereby extended two years, the lease became the same in legal effect as if the term, and the covenant to pay rent, had originally, in express words, embraced the two years, as well as the other portions of the time. It was a lease of the premises to the 1st day of April, 1857, inclusive, with an agreement by the lessee to pay the rent to that time.

There being, then, an express agreement by the defendants to pay the rent, they are liable upon it for the rent in question which is unpaid, being for the month of April, 1855, notwithstanding their assignment of the lease; unless they have in some way been discharged from the agreement. The consent of the plaintiff's agent to the assignment was not such a discharge. It was probably supposed to be necessary, and was obtained, on account of the provision against underletting. It was a simple permission, and did not impair or affect, in any way, the plaintiff's claim for rent on the express agreement. I see no ground for the position of the county court, that there was a surrender of the lease and a new lease executed to the assignees. The defendants sold their interest in the lease to their assignees; they did not relinquish it to the plaintiff; and the assignees claimed and held the premises subsequently as assignees, by virtue of the assignment; not under any new agreement. There was clearly no surrender in fact, as the lease was formally assigned, and the plaintiff consented to it; and there is no evidence to warrant the idea of a surrender in law. A surrender in law arises from acts of the parties inconsistent with the continuance of the lease, warranting the presumption of a surrender. The only circumstances in support of that view, beyond the assignment, consent thereto, and subsequent change of possession, which take place in every case of a valid assignment of a lease where an assignment is prohibited without consent, is the making out of a bill for part of a year's rent to the assignees, and receiving the amount from them. That is not necessarily inconsistent with regarding the lease in force,

---

and in the absence of other circumstances than exist in this case, is entitled to no force.

Upon the presumption of a surrender, there being no pretense of a written lease from the plaintiff to the assignees, the intentions of the parties in respect to securing to the assignees the premises for the extended term, would have failed of effect, as a verbal lease for more than one year is invalid.

I think the judgment of the justice and that of the county court, are erroneous, and should be reversed.

CAYUGA GENERAL TERM, June 1, 1857. *Johnson, T. R. Strong* and *Smith,* Justices.]