Hatch, J.
The tenant was in the possession of certain Eremises by virtue o£ a written lease under seal. In and y the lease, it was provided that the lessee have the privilege of a further lease for two years after the expiration, upon giving a written notice to the lessor, thirty days before the expiration of the lease. No written notice was ever given. Upon the expiration of the lease, the landlord commenced proceedings to oust the tenant and recover possession of the premises. The petition, which forms the basis of the proceeding, alleges a single reason, entitling the lessor to the possession of the demised premises, to wit: The termination of the lease, by a failure to give the written notice before mentioned. The answer of the tenant, denied the expiration of the lease, and alleged a waiver of the written notice.
Upon the trial the tenant offered to prove by himself, wife and another witness that on or about March 1, 1887, he had a conversation with the landlord upon the premises, in which the landlord asked if he desired to continue in the-occupation of the premises for another two years, as provided in the lease; that the tenant answered yes, and thereupon asked ' the landlord if he wanted a written notice served upon him to that effect, as required by the lease; that the landlord replied that he did not, as the tenant’s word was just as good, and that it was not necessary to put it in writing. Objection was made to this proof on the part of the landlord, on the ground that it was irrelevant and immaterial. The court sustained the objection and the tenant excepted. We are of opinion that this ruling of the court was error. Long v. Stafford, 103 N. Y., 274; 3 N. Y. State Rep., 87.
It is there held, upon a lease, containing a precisely similar clause to this, that it was competent for the parties to waive, by paroi, the requirement of written notice, and this whether it was for the benefit of the lessee alone, or the lessor, or both, and that in the absence of an express agreement such waiver would be implied from the acts of *893 the parties, which, in that case, was a holding over on the part of the lessees. Here the offer was to prove, by express agreement, the continuance of the lease and waiver of the written notice. With such agreement proved it operated as a renewal of the lease for the additional period of two years. The element of the statute of frauds is not in the case. The terms and conditions of the contract between the parties was embodied in the lease, which was in writing, and under seal; the effect of the agreement was to make it operative as an original lease for the further term of two years. House v. Burr, 24 Barb., 525; W. Trans. Co. of Buffalo v. Lansing, 49 N. Y., 499, 506.
The judgment should be reversed, and restitution of the premises ordered to the tenant with costs.
Titus, J., concurs.