AUGUST VOEGE, Respondent, *v.* PIERRE L. RONALDS, JR., and Another, Appellants.

*Lease, with covenant of renewal — presumption as to the tenant's having elected to extend the term — it operates as a continuous term — contract under seal, not modified by parol.*

Where a lease under seal for the term of one year contained the provision: "It is further agreed by the party of the first part to extend the above lease for a term of two additional years at the same yearly rental if party of the second part so desires," the tenants, by retaining the possession of the property for two years from the commencement of such lease, by holding over after the expiration of the first year, are presumed to have elected to extend the lease for the full additional term of two years.

When there is a lease for a definite term with the privilege of an additional term at the tenant's option, it operates as a lease for the continuous term if the tenant so elects.

A contract or covenant under seal cannot be modified by a parol unexecuted agreement.

APPEAL by the defendants, Pierre L. Ronalds, Jr., and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 20th day of March, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Circuit.

*William B. Hill*, for the appellants.

*J. Stewart Ross*, for the respondent.

BROWN, P. J.:

This action was brought to recover rent of certain premises in the city of Brooklyn for the year ending November 1, 1892.

The defendants entered into possession of the property under a written lease under seal for the term of one year, beginning November 1, 1889. The lease contained the following provision: "It is further agreed by the party of the first part to extend the above lease for a term of two additional years at the same yearly rental if party of the second part so desires."

The appellants retained possession of the property until November 1, 1891, paying the rent therefor, when, having given notice to the plaintiff, they vacated the premises.

The court directed a verdict for the plaintiff upon the ground that by holding over after the expiration of the first year, the appellants must be presumed to have elected to extend the term for two years. This ruling was correct.

Assuming that the appellants are right in the proposition that the continuance in possession of the property after the expiration of the first year raised only a rebuttable presumption that they elected to extend the term in accordance with the terms of the lease, still there was nothing in the evidence to weaken that presumption, or to raise a question of fact for the jury to pass upon. At the expiration of the first year there was no new transaction or conversation between the parties. The appellants simply continued their occupancy, paying the rent monthly. The lease called for no notice from either party to the other, and none was given. The term was to be extended if the appellants desired it, and there could be no stronger evidence of their desire than their remaining in possession and paying the stipulated rent.

When there is a lease for a definite term, with a privilege of an additional term at the tenant's option, it operates as a lease for the continuous term if the tenant so elects. (*Chretien* v. *Doney*, 1 N. Y. 419; *Kramer* v. *Cook*, 73 Mass. [7 Gray] 550.)

When, therefore, the appellants continued in possession of the property after the expiration of the first year, it must be presumed they did so under the lease, and there is no basis for the argument that, by holding over, they became tenants from year to year.

The rights of the parties were fixed at the expiration of the first

year, and, if there is any defense to the action, it must be found in what occurred during the second year of the term.

The testimony introduced by the appellants tended to show, and would permit the conclusion, that the plaintiff called upon them in March, 1891, and asked them what they were going to do about staying in the store the third year, and they replied that they would of course remain during the second year, but they could not then give him an answer about the third year, and, if they decided not to stay, they would give him three months' notice, to which plaintiff replied : " It was all satisfactory ; it was all right."

The rule is settled that a contract or covenant under seal cannot be modified by a parol unexecuted agreement. (*Coe* v. *Hobby*, 72 N. Y. 141; *Smith* v. *Kerr*, 108 id. 31; *McKenzie* v. *Harrison*, 120 id. 260.)

The conversation testified to, therefore, did not operate to modify in any way the terms of the lease, and did not establish any defense to the action.

The judgment must be affirmed.

DYKMAN and CULLEN, JJ., concurred.

Judgment affirmed, with costs.