McAdam, J.
— The plaintiff seeks specific performance of an alleged oral agreement, by which the defendant was to execute a lease of real property, in this city for one year, with the privilege of two years more. Such a contract relates to the leasing of lands for more than one year (Chretien v. Doney, 1 N. Y. 419; House v. Burr, 24 Barb. 525 ; Kramer v. Cook, 7 Gray, 550; Voege v. Ronalds, 83 Hun, 114; 63 St. Rep. 837), and, to be valid, must be in writing, subscribed by the party to be charged (2 Edm. R. S. 139, § 6 ; Wood, Landl. & Ten. § 188). Though the plaintiff has not received possession, he claims that the want of a writing is made up by part performance, in that defendant accepted $10 on account The doctrine of part performance applies only where a contract is so far performed that the parties cannot be restored to their original position except by equitable aid, which is sometimes extended to prevent fraud. The payment of the money in this instance does not prevent a case calling for equitable relief, for complete restoration may be obtained by an action at law for its recovery. Pom. Spec. Perf. § 113 ; Fry, Spec. Perf. § 403 ; Bisp. Eq. | 384. Upon the proofs, the court finds that the lease was to be executed by the defendant after he had satisfied himself that the plaintiff was a desirable tenant. He investigated, was dissatisfied, and offered to return the deposit, which plaintiff declined to accept. The defendant, upon the law and facts, is therefore entitled to judgment.