SILAS T. SWAN, Respondent, v. EDWARD C. INDERLIED, Appellant.

1. LANDLORD AND TENANT — ASSIGNMENT OF RENT ACCRUING SUBSEQUENT TO EXTENSION OF TERM. In an action by the grantee of leased premises to recover rent, it appeared that the lease was for a year, with the privilege to the defendant "to extend it for a further term of one or two years upon the same terms and conditions;" that the landlord had assigned the rents accruing thereunder to a creditor, to the extent of the sum in which he was indebted; that prior to the expiration of the term and before the defendant had notified the landlord of his intention to extend it, the latter conveyed the premises to the plaintiff, who had knowledge of the assignment; that thereafter the defendant extended the term; that the rents accruing prior to the extended term being insufficient to satisfy the claims of the assignee, the defendant paid him the rent for two months thereof, which the plaintiff seeks to recover. *Held*, that the defendant's liability to pay rent accrued under the original letting, and not by virtue of any new agreement, express or implied, and the rent sued for passed by the assignment.

2. APPEAL — WHEN CERTIFIED QUESTION CANNOT BE ANSWERED. The Court of Appeals cannot answer a question certified to it by the Appellate Division upon an appeal from a judgment of that court affirming a judgment of a County Court, which affirmed a judgment of a City Court, in the absence of a provision for the certification of questions upon the allowance of an appeal of such a character.

*Swan* v. *Inderlied*, 101 App. Div. 612, reversed.

(Argued December 21, 1906; decided February 19, 1907.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 9, 1905, affirming a judgment of the Broome County Court, which affirmed a judgment in favor of plaintiff entered upon a judgment of the City Court of Binghamton.

The nature of the action and the facts, so far as material, and the question certified, are stated in the opinion.

*Harvey D. Hinman* for appellant. The assignment of the lease by the lessor, while he was the owner of the demised premises, separated the rents from the reversion and passed to the assignee the benefit of the covenant to pay rent, so that the plaintiff under his subsequent deed took only the reversion which should remain after the payment of the rent and after the expiration of the lease. (*Demarest* v. *Willard*, 8 Cow. 206; *Bennett* v. *Austin*, 81 N. Y. 309; *Van Wicklen* v. *Paulson*, 14 Barb. 654; *Van Rensselaer* v. *Hays*, 19 N. Y. 68; *Huerstel* v. *Lorillard*, 6 Robt. 260; 1 McAdam on Landl. & Ten. [3d ed.] 790; *Moffatt* v. *Smith*, 4 N. Y. 126; *Childs* v. *Clark*, 3 Barb. Ch. 52; *Willard* v. *Tillman*, 19 Wend. 358; *Pigott* v. *Mason*, 1 Paige, 412; *Tracy* v. *A. E. Co.*, 7 N. Y. 472.) The defendant's election to extend the term of the lease did not constitute a new contract between the defendant and the plaintiff, who had become the owner of the reversion. (*Pugsley* v. *Aiken*, 11 N. Y. 494; *House* v. *Burr*, 24 Barb. 525; *Chretien* v. *Doney*, 1 N. Y. 419; *Hausauer* v. *Dahlman*, 72 Hun, 607; *Voege* v. *Ronalds*, 83 Hun, 114; *Kelly* v. *Varnes*, 52 App. Div. 100; *Decker* v. *Gaylord*, 8 Hun, 110.)

*Charles H. Hitchcock* for respondent. The lease in question must be construed as a lease for one year, with an option or covenant for a renewal. (1 McAdam on Landl. & Ten. 552.) There is implied in a covenant for renewal that, at or before the termination of the old, a new bargain is to be made. (21 Am. & Eng. Ency. of Law [2d ed.], 923.) The right to rentals under a possible renewal being non-existent at

the time of the transfer, could not pass under it. (1 Benj. on Sales, § 92; *Low* v. *Pew*, 108 Mass. 314; *Deeley* v. *Dwight*, 132 N. Y. 59.)

Cullen, Ch. J. As the Appellate Division deemed the question involved in this case so important as to require this court to pass thereon, it is to be regretted that the learned court did not favor both the parties and this court with its own views on the subject. There has not a word been written in this case by any of the courts below, and the question certified is whether, on the facts stipulated by the parties, the plaintiff should have recovered. The particular point, therefore, as to which our opinion is desired can be gleaned only from the record and the briefs of counsel.

On April 11th, 1902, Carey Worden, the owner of certain premises in the city of Binghamton, leased them by a written agreement, "for the term of one year, to commence on the 1st day of May, 1902, and to end on the 30th day of April, 1903." The lease contained this further provision: "It is also further understood and agreed that the said party of the second part has the privilege to extend this lease for a further term of one or two years upon the same terms and conditions." On October 7th, 1902, the lessor, by an instrument in writing, assigned to D. M. Worden the rents and money to accrue under said lease to the extent of the sum in which he was indebted to him. On March 23rd, 1903, and before the defendant had notified the lessor of his intention to extend the term, said lessor conveyed the premises to the present plaintiff, who had knowledge of the assignment of the rents to Worden. The rents accruing prior to May 1st, 1903, were insufficient to satisfy D. M. Worden's claim, and the defendant paid the rent for the months of May and June, 1903, to said assignee. Thereupon the plaintiff sued the defendant for the same rent. It is conceded that it was within the power of the lessor to separate the rent that was to accrue under the lease from his reversion in the premises and assign such rent to Worden. (*Demarest* v. *Willard*, 8 Cow. 206;

*Bennett* v. *Austin,* 81 N. Y. 308.)   The plaintiff's recovery has proceeded on the theory that the rent sued for did not accrue under the lease of May 1st, 1902; that the extension of the demised term under the privilege reserved in the lease was merely the exercise of an option by the lessee to obtain a new lease, and that the chance of rent accruing after the expiration of the original term was a mere potentiality on which the assignment of the lessor to Worden could not operate.   We are of opinion that defendant held the premises after May 1st, 1903, not by virtue of any new agreement, express or implied, but under the original letting.   The provision of the lease is not that the tenant may require a new lease from the landlord, but that he may extend the original lease for an additional term of one or two years.   In other words, the demised term was for one, two or three years as the tenant might elect.   We do not think the case can be distinguished in principle from several found in the books.   In *Chretien* v. *Doney* (1 N. Y. 419) the lease was for one year and the lessee was " To have the premises for one year, one month and twenty days longer, but if he leaves he is to give four months notice before the expiration of the lease."   It was held that the lease created a term for the full period of two years, one month and twenty days, defeasible at the election of the tenant after one year upon giving four months' notice.   In *Pugsley* v. *Aikin* (11 N. Y. 494) the lease was for the term of one year and an indefinite period thereafter.   It was held that so long as the tenant remained in possession of the premises his liability to pay rent accrued under the original letting and not by any implied new lease.   In *House* v. *Burr* (24 Barb. 525) the lease was for a specified term, " with the privilege of two years more, if desired," upon giving notice. It was held that the notice effected an extension of the demised term under the lease.   In *Voege* v. *Ronalds* (83 Hun, 114) the lease contained a provision, " It is further agreed by the party of the first part to extend the above lease for a term of two additional years at the same yearly rental if the party of the second part so desires."   It was held that " When there

is a lease for a definite term, with a privilege of an additional term at the tenant's option, it operates as a lease for the continuous term if the tenant so elects." In *Kramer* v. *Cook* (73 Mass. 550) the lease was for a term of three years, and " at the election of said Cook for the further term of two years next after said term of three years." It was held that the provision in the lease was not a mere covenant for renewal, but was as to the additional term a lease *de futuro*, requiring only a lapse of the preceding term and the election of the tenant to become a lease *in præsenti*.

We are of the opinion that the rent subsequent to May, 1903, accrued under the original letting and passed by the assignment to the assignee. It is unnecessary, therefore, to consider whether, if the covenant in the lease had been strictly for a renewal instead of an extension of the demised term, a different result would have been reached. (See *Witmark* v. *N. Y. El. R. R. Co.*, 76 Hun, 302 ; affd., 149 N. Y. 393, and *Storms* v. *Manh. Ry. Co.*, 178 N. Y. 493.)

The judgments of all the courts below should be reversed and the complaint dismissed, with costs in all courts. The question certified is not answered, as there is no provision for the certifying of questions upon the allowance of an appeal of the character of the one before us.

GRAY, O'BRIEN, EDWARD T. BARTLETT, WERNER and HISCOCK, JJ., concur ; CHASE, J., not sitting.

Judgments reversed, etc.