### MENDELSON v. BRONNER.

(Supreme Court, Appellate Division, First Department. February 14, 1908.)

1. PLEADING—MOTIONS—ELECTION BETWEEN COUNTS.

    A complaint for breach of contract of employment contained one count on the theory that the contract was renewed for three years, and a second count on the theory that it was renewed for one year. At the close of plaintiff's evidence, which showed that he had continued in the service for a portion of the year following the expiration of the year contracted for, the court required him to elect which cause he would proceed on, and, having chosen the first count, the complaint was dismissed on defendant's motion, as stating a contract void under the statute of frauds. *Held*, that plaintiff should not have been compelled to elect until the close of the evidence.

2. MASTER AND SERVANT—CONTRACT OF HIRING—IMPLIED RENEWAL.

    Where a hiring was for a year, at the expiration of which time plaintiff continued in defendant's service receiving payment as under the written

contract for the first year, and with no contract as to time, the law implied an agreement for renewal for another year.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 11.]

Appeal from Trial Term.

Action by Louis Mendelson against Rolly M. Bronner. From a judgment dismissing the complaint at the close of plaintiff's case, he appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Harold Nathan, for appellant.
Wales F. Severance, for respondent.

LAUGHLIN, J. This action is brought to recover damages for a breach of contract. On the 1st of May, 1903, the defendant, as party of the first part, and the plaintiff, as party of the second part, executed a contract in writing, whereby the defendant employed the plaintiff as a designer and manufacturer of clothing for the period of one year from date. The contract contained the following provision:

"With the privilege, however, on the part of the party of the first part to renew this agreement for a period of three years from and after the expiration of one year from the date hereof, provided the party of the first part gives written notice to the party of the second part, on or before nine months from the date hereof of his intention or desire to renew said contract for said additional period of three years. The party of the second part stipulates and agrees that if the party of the first part elects to and does exercise said privilege of renewal for said additional period of three years, thereupon and in that event, the said party of the second part will continue in the service of the said party of the first part for the said additional period of three years."

The plaintiff alleges that he waived the requirement that the defendant should give written notice of his election to have the contract renewed, and that it was verbally agreed that it should be renewed for the additional period of three years. The plaintiff continued in the employ of the defendant until the 26th day of November, 1904, when he was discharged. The complaint contains two counts, the first upon the theory that the contract was renewed for the period of three years, and the second upon the theory that it was renewed for the period of one year. At the close of the plaintiff's evidence, the court required him to elect between the two causes of action. He objected and took an exception, and then elected to stand upon the first. The defendant thereupon moved to dismiss the complaint upon the ground that the contract was void within the statute of frauds, which had been duly pleaded, and the motion was granted. We are of opinion that the plaintiff should not have been required to elect between his causes of action until the close of the evidence. It is quite clear, assuming the testimony of the plaintiff to be true, that, in any event, he had a perfectly good cause of action on the second count. The original hiring was for one year, and according to his evidence, at the expiration of that year, he continued in the defendant's employ, receiving pay for his services as under the contract in writing for the first year, without any understanding or agreement, verbal or otherwise, limiting the term of his employment after

the expiration of the first year to a period less than another year. The law in such case implies an agreement for a renewal of the contract upon the same terms for another year. Huntingdon v. Claffin, 38 N. Y. 182; Douglass v. M. Ins. Co., 118 N. Y. 484, 23 N. E. 806, 7 L. R. A. 822; Adams v. Fitzpatrick et al., 125 N. Y. 124, 26 N. E. 143; Bennett v. Mahler, 90 App. Div. 22, 85 N. Y. Supp. 669; Treffinger v. Groh's Sons, 112 App. Div. 250, 98 N. Y. Supp. 291, affirmed 185 N. Y. 610, 78 N. E. 1114. It would seem, therefore, that the judgment should be reversed to the end that the plaintiff may be permitted to proceed on the second count, even if he cannot succeed on the first.

I am of opinion, however, that his first cause of action can be maintained. It appears by the testimony of the plaintiff that some time during the three months prior to the expiration of the first year, but apparently after the period within which the defendant was to give written notice of his election to continue the contract, he had a conversation with the defendant, in which he informed the defendant that he had an offer of other employment, and that he desired to know whether the defendant intended to renew the contract, and that the defendant replied, in substance, that the plaintiff had a contract with him for three years longer. The question arises as to whether, on the employment being continued beyond a year on the same terms and after this conversation and without further agreement, the parties became bound— the plaintiff to work and the defendant to employ him—for the further period of three years contemplated in the agreement in writing. It is to be observed that the terms of employment for the succeeding three years and the compensation were fixed in the agreement signed by the parties, and that the plaintiff expressly obligated himself to be bound thereby for the further period of three years at the election of the defendant, to be manifested by written notice. It is quite clear that but for the statute of frauds it was competent for the parties to waive the written notice. It is equally clear that neither party was bound by the contract beyond the first year, unless the written notice was given or waived. It cannot, therefore, be said that in signing the original contract the parties became bound for the further period of three years. If the notice in writing had been given, that would doubtless have answered the purpose of the statute of frauds; for it would have been read in connection with the agreement signed by the parties, and would have become in effect part thereof. The period within which the notice in writing was required to be given having expired without its having been given, the agreement to renew was void within the statute of frauds, since it rested in parol, unless it can be held that the mere continuance of the employment constituted by operation of law an agreement for the renewal of the employment for the period of three years. The law applicable to the case, therefore, must be the same as if the notice in writing had not been given, and there was nothing said between the parties, but the employment was continued after the expiration of the year; for, although the plaintiff's testimony does not, on account of the statute of frauds, add to his rights, on the other hand, there is nothing in his testimony to destroy any right that would otherwise arise by implication of law on continuing in the defendant's employ after the

expiration of the year. As already observed, if the contract were silent with respect to a renewal, the law on these facts would imply a renewal for one year, but here the contract contemplated either a termination of the employment at the end of the first year or a renewal of the employment on the same terms for the period of three years, and the question is presented as to whether the contract of renewal implied by law in such case is not for the period contemplated by the contract in writing. In Probst v. Rochester Steam Laundry Co., 171 N. Y. 564, 64 N. E. 504, this was held to be the rule with respect to a lease for one year, with a privilege of renewal for two more years by giving written notice three months prior to the expiration of the first year. In that case the notice in writing was not given, and the court held that a waiver thereof would be implied upon the tenant holding over after the expiration of the year and paying rent as under the original lease, and the court say:

"The result was not the creation of a new lease, but the continuance of an existing lease pursuant to the terms thereof."

It does not appear from the opinion of the Court of Appeals that the statute of frauds was involved in that case. In Matter of Rubenstein, 13 N. Y. St. Rep. 891, where the statute of frauds was pleaded, the same rule was applied by the General Term of the Superior Court of Buffalo. In Long v. Stafford, 103 N. Y. 274, 8 N. E. 522, which apparently did not involve the statute of frauds, a lease in writing for six years was deemed by the Court of Appeals to have been renewed for two years by implication of law on the tenant holding over without having given the notice of election upon which the right of renewal depended. The agreement in question is under seal. In Voege v. Ronalds, 83 Hun, 114, 31 N. Y. Supp. 353, it was held that where a lease under seal, for one year, contains a privilege of renewal for two additional years, if the tenant so desired, that the tenant by holding over after the expiration of the first year was conclusively deemed to have elected to continue in possession under the agreement, and could not show by parol that it was understood that he was to remain bound only for an additional year. I am of opinion, therefore, that it is immaterial whether the election of the defendant was exercised in the manner prescribed in the agreement; for by continuing to employ the plaintiff, after the expiration of the year, the agreement having been in writing and under seal and containing a provision for its continuance for three years longer, the defendant should be deemed estopped from questioning the regularity of its continuance (Voege v. Ronalds, supra; see, also, Dunn v. Stenbing, 120 N. Y. 232, 24 N. E. 315), which is under the original contract to which the defense of the statute of frauds is not available.

It follows that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, J., concurs. PATTERSON, P. J., and SCOTT, J., concur as to first ground for reversal stated in opinion.

McLAUGHLIN, J. (concurring). I concur in the opinion of Mr. Justice LAUGHLIN except in so far as he holds that the defense of the statute of frauds is not available as to the first cause of action pleaded. I think it is.