(157 App. Div. 412.)

## EICKS v. WITTEMANN CO.

(Supreme Court, Appellate Division, First Department. June 13, 1913.)

1. CORPORATIONS (§ 308*)—OFFICERS—SALARIES.

Where an officer of a corporation, entitled by a resolution of the board of directors to a specified annual salary, payable monthly, is re-elected, and nothing is said about salary, he is entitled to a salary on the same basis as before.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1334-1349; Dec. Dig. § 308.*]

2. CORPORATIONS (§ 308*)—OFFICERS—SALARIES.

The directors of a corporation fixed the salary of the secretary at $600 per annum, payable monthly, and $125 semiannually for preparing semiannual statements of the corporation, and such additional compensation, not exceeding $400, as the president might determine. He was re-elected, and a resolution provided that he should receive the same compensation and allowance for semiannual reports and the same additional compensation. He was again re-elected, but nothing was said about compensation. The secretary, during the years of his employment, received $50 per month, and the additional compensation at the end of the year. After serving a little over three months under his last election, he was lawfully discharged. Held, that the recovery of salary must be limited to $50 per month to the date of the discharge.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1334-1349; Dec. Dig. § 308.*]

Appeal from Trial Term, New York County.

Action by Edward Eicks against the Wittemann Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Conditionally reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles B. Sears, of Buffalo (Ansley W. Sawyer, of Buffalo, on the brief), for appellant.

George B. Keeler, of New York City, for respondent.

LAUGHLIN, J. The plaintiff alleges in three separate counts three causes of action. A verdict was directed in favor of the defendant on the first cause of action. In the second count the plaintiff alleges that the defendant employed him as its secretary and treasurer for the year 1911, and agreed to pay for his services the sum of $1,000, $600 thereof in 12 equal monthly payments at the end of each month, and $400 thereof in two equal payments on the 30th of June and the 31st of December, and that he entered upon the performance of his duties, and continued to perform them until the 3d day of May, when he was wrongfully discharged; and he claims that there was a balance of $150 owing on the monthly installments at the time he was discharged, and that he was damaged in the sum of $800. The third count is for salary at the rate of $1,000 per annum, for the period from January 1st to May 3d, less $50 paid to apply thereon for the month of January, leaving a balance of $291.66.

On the 15th day of January, 1906, the plaintiff was elected secretary and treasurer of the defendant, and it was left to the president to adjust the salary according to the time required. In January, 1907, he was re-elected, and his salary was duly fixed by resolution of the board of directors at $600 per annum, and the additional sum of $125 semiannually for preparing semiannual statements of the affairs of the company. He was re-elected in 1908, and the salary and compensation for the semiannual reports were fixed the same as before, and the resolution further provided that he should receive "such additional compensation, not exceeding the sum of $400, as, in the opinion and at the discretion of the president, the business may warrant." In 1909 he was re-elected, and the resolution provided that he should receive the same compensation and allowance for semiannual reports, "and the same additional compensation at the end of the year as last year." In 1910 he was re-elected, and a resolution was adopted to the effect that he should draw the same salary and receive the same additional compensation as the year before. On the 17th of January, 1911, all the officers were re-elected by one general resolution "for the ensuing year." No resolution was adopted at that meeting with respect to the plaintiff's salary; and, if he was not present at the meeting, he was informed after it that he had been again elected secretary and treasurer, and nothing was said about salary. The plaintiff had regularly received $50 on the last day of each month, and the additional compensation for the semiannual statements semiannually at the expiration of each six months, and the allowance which the president was authorized to make at the end of each year. At the end of the month of January, 1911, he received $50 for his salary for that month, and thereupon and on the 1st or 2d of February, the offices of the company were moved from New York to Buffalo, and he neither rendered nor tendered any further services for the company.

Prior to this time the plaintiff had been in the employ of Wittemann Bros., another corporation, which apparently was intimately connected with the defendant, and with its consent accepted this position of secretary and treasurer of the defendant, and performed services for both corporations during the same period. After the defendant removed to Buffalo, the plaintiff devoted all of his time to the business of Wittemann Bros., but received no increased compensation therefor. He made no further demand on the defendant for salary until the 29th of April. On May 3d thereafter the board of directors of defendant adopted a resolution removing him from the offices of secretary and treasurer and declaring the offices vacant. Evidence was adduced in behalf of the defendant tending to show that the plaintiff was advised in advance of the meeting of the board of directors in January, 1911, and at that meeting, of the intended removal of the company's offices to Buffalo, and that his services would only be required until that time, and that he acquiesced therein; but that evidence was controverted. We are of opinion that the verdict of the jury thereon in favor of the plaintiff is against the weight of the evidence. It is quite probable that there was an understanding between the parties to the effect claimed by the defendant, and that such was

the fact is indicated by the plaintiff's remaining in New York, without offering to accompany the defendant to Buffalo.

[1] By the resolution, however, re-electing the officers, the plaintiff was re-elected secretary and treasurer for the year 1911, and he was not formally removed and the offices were not declared vacant until May 3d. There is, therefore, some basis for his claim for services for the months of February, March, and April. The learned counsel for the appellant contends that, since no salary was fixed by the last resolution, the plaintiff was only entitled to recover for the value of the services rendered, and that inasmuch as he was paid for the month of January, and rendered no services thereafter, he was not entitled to recover anything. We are of opinion, in the circumstances, that on his re-election he became entitled to a salary on the same basis as before. See Adams v. Fitzpatrick et al., 125 N. Y. 124, 26 N. E. 143; Mendelson v. Bronner, 124 App. Div. 396, 108 N. Y. Supp. 807. That is the rule as declared by the authorities cited with respect to the salary of an employé who continues in the employ in the same capacity after the expiration of his term of service, and although the Court of Appeals in Gaul v. Kiel & Arthe Co., 199 N. Y. 472–477, 92 N. E. 1069, declined to express an opinion on the point, we think it should apply to an officer of a business corporation.

The plaintiff recovered a verdict of $366.67, which shows that the verdict was rendered upon the theory that the plaintiff was entitled to recover salary for five months at the rate of $1,000 per annum, less the $50 paid for the month of January, and that no damages were allowed for his discharge.

[2] We are of opinion that plaintiff was not entitled to recover any part of the $400 additional compensation, which originated in the resolution by which payment thereof was left to the discretion of the president, depending on the business of the company. It was not intended by the subsequent resolution to eliminate such discretion with respect to the additional compensation, and to make it part of the fixed annual salary. The resolutions, standing alone, might give rise to doubt on this subject; but all doubt is removed by the course of business between the parties under which the plaintiff, instead of receiving one-twelfth of $1,000 monthly, received, as before, $50 per month, and the additional compensation at the end of the year. We think that the recovery of salary as such should have been limited to $50 per month for the months of February, March, and April, and one-tenth of that for June.

The judgment and order should therefore be reversed, with costs to appellant to abide the event, and a new trial granted, unless the plaintiff stipulates to reduce the recovery to $150 and interest thereon from the time of his discharge, and if he shall so stipulate the judgment is modified accordingly, and affirmed, without costs. All concur.