cealed by the false affidavits as to his service as a law clerk, and the suppression of the facts as to other employments during the same period that he claimed to have been serving a regular clerkship in a law office.

Under these circumstances, his admission to practice was unauthorized by law and was invalid. We are urged to be lenient towards this respondent, but this is not a case for either leniency or severity. The only question is whether respondent's admission to the bar was valid. Obviously it was invalid, because he was not properly qualified to apply for admission.

It follows that his admission must be revoked; and it is so ordered.

---

(169 App. Div. 600)

HUDSON BLDG. v. COMPAGNIE GÉNÉRALE TRANSATLANTIQUE.
(No. 7852.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

1. LIMITATION OF ACTIONS ☞22—LIMITATION APPLICABLE—ACTION FOR RENT.

Where the lessee under a sealed lease exercises the option given him to renew, an action for rent accruing after the renewal is not barred by the six-year statute of limitations; the renewal term, when the option was exercised, becoming a part of that under the sealed lease.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 100–111; Dec. Dig. ☞22.]

2. PLEADING ☞94—DEFENSES—COMPLETENESS.

One defense in an answer cannot be aided by a denial in a separate defense in the same answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 191, 192; Dec. Dig. ☞94.]

Appeal from Special Term, New York County.

Action by the Hudson Building against the Compagnie Générale Transatlantique. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Jarvis P. Carter, of New York City, for appellant.

SCOTT, J. [1, 2] The action is for rent under a lease. The allegation is that on February 4, 1904, plaintiff leased to defendant, by a lease "in writing and under seal," certain offices for the term of three years from May 1, 1904, the lease containing a proviso that defendant should have the option "of a renewal of this lease for the further term of two years upon the same terms and conditions" upon giving notice; that in October, 1906, defendants notified plaintiff that it exercised its option to renew the then existing lease for two years from May 1, 1907, to May 1, 1909. Then followed certain allegations, not material to this appeal, showing that some differences arose between the parties, finally resulting in this action for rent, all of which accrued after the expiration of the first lease, and during the

term for which the lease is said to have been renewed. The defense demurred to, pleaded as a complete defense, is:

"That the cause of action did not accrue within six years before the commencement of this action."

There seems to be no doubt that the six-year statute would not be a defense to the action if the rent sued for had accrued during the three-year term specified in the original lease, which is alleged to have been under seal. Long v. Stafford, 103 N. Y. 274, 8 N. E. 522. We think that the additional or extended term became a part of the term under the original lease, and that the six-year statute has no application to a claim for rent arising during the extended term, if in fact the original lease was under seal.

"The time for the performance of contracts by specialty, as well as simple contracts, may be extended by parol, and when so extended it is as if the extended time was written in and made a part of the original contract; every other provision remaining intact, and to be carried out, with the single modification as to time." Homer v. Guardian Mut. Life Ins. Co., 67 N. Y. 478.

"When there is a lease for a definite term, with the privilege of an additional term at the tenant's option, it operates  *  *  *  for the continuous term if the tenant so elects." Vogel v. Ronalds, 83 Hun, 114, 31 N. Y. Supp. 353.

The complaint alleges that the lease was under seal, and the particular defense demurred to fails to deny the allegation, and thus admits it. The settled rule is that each separate defense must be complete in itself, and it cannot be fortified borrowing a denial contained in some other part of the answer.

The judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to defendant to amend its answer with regard to the defense demurred to within 20 days, upon payment of costs in all courts. All concur.