NELLIE A. HOULIHAN, Plaintiff *v.* S. BOLTON'S SONS, Defendant.

(Supreme Court, Saratoga Trial Term, November, 1919.)

Lease — when guaranty covers renewal term — landlord and tenant.

> Where a tenant, having an option to renew his lease for another term of five years, holds over and pays the rent for several months after the expiration of the original term, a contract of guaranty for his faithful performance of the lease covers the second term.

ACTION to recover an installment of rent claimed to be due under a lease.

George E. O'Connor, for plaintiff.

Thos. F. Phelan, (James A. Leary, of counsel), for defendant.

BORST, J. The plaintiff seeks to recover in this action an installment of rent claimed to be due under a lease the payment of which it is charged the defendant guaranteed.

The part of the lease material to the question here presented reads as follows:

"That the party of the second part shall have the privilege of extending this lease for the further term of five years from the first day of June, 1918, to the 1st day of June, 1923, provided said premises are owned by the party of the first part on the first day of June, 1918, upon these same terms and conditions.

"The party of the second part shall furnish satisfactory security to the party of the first part, conditioned for the faithful performance of the terms of this agreement and of the payment of said rent during the term of this lease or any renewals thereof."

The guaranty of the defendant is in the following form:

"In consideration, of the making and execution of the annexed lease from Nellie A. Houlihan to Peter Smith, the undersigned hereby guarantees the faithful performance of the terms and conditions of said lease by the said Peter Smith and the full and prompt payment of the rent therein secured to be paid."

At the expiration of the first five-year period of the lease, the lessee held over and paid the rent for the period of two months thereafter. The defendant, with another party, held an assignment of the lease as collateral security for any debt that might be due them. The defendant also furnished the beer that was sold

on the premises for the period of the lease and for the two months following the expiration of the term of five years for which the original lease was to run.

No particular form for the exercise by the lessee of the option for the extension was required by the terms of the lease. His acts alone were intended to extend the lease to the additional years. His holding over after the expiration of the first period extended the lease for the second period, as the premises were then owned by the lessor. *Voege* v. *Ronalds,* 83 Hun, 114; *Mendelson* v. *Bronner,* 124 App. Div. 396, 400; *Swan* v. *Inderlied,* 187 N. Y. 372; *House* v. *Burr,* 24 Barb. 525; *Kelso* v. *Kelly,* 1 Daly, 419, 424; 24 Cyc. 1140.

The contract of guaranty was for the faithful performance of the terms and conditions of the lease and the full payment of the rent thereunder secured to be paid. One of the conditions of the lease was the privilege to the lessee of extending it for the further term of five years and the payment of the rent thereby to be paid. Within the terms of the lease and the guaranty, the defendant's obligation therefore extended to the second term as the same was extended by the lessee holding over and of which it was cognizant because of its delivery of beer to him on the premises for two months after the expiration period of the first five years. *Defau* v. *Wright,* 25 Wend. 636; *Salisbury* v. *Hale,* 12 Pick. 415; *Rice* v. *Loomis,* 139 Mass. 302; *Coe* v. *Vogdes,* 71 Penn. St. 383. *Knowles* v. *Cuddeback,* 19 Hun, 590, is distinguishable from the present case, as there the lessee had to elect to renew by giving thirty days' notice of his election for a renewal of the lease. Under the facts in that case, as pointed out in the opinion of Judge Hardin, the lessee was entitled to a new lease.

But the defendant is liable on its guaranty for another reason. There was a present demise of the premises by the terms of the lease for the second period, which became operative immediately upon the exercise of the option conferred upon the lessee which was exercised by him in his holding over. *Orr* v. *Doubleday, Page & Co.,* 223 N. Y. 334; *Chretien* v. *Doney,* 1 id. 419; 24 Cyc. 1008. If this be so, then the guaranty covered the second period of five years as well as the first.

The plaintiff therefore is entitled to recover the month's rent claimed in the complaint for the month of August, 1918.

Judgment accordingly.

---

People of the State of New York ex rel. Ernest C. Plumley, Relator, *v.* James W. Higgins, as Chief of the Police Department, Respondent.

(Supreme Court, Erie Special Term, November, 1919.)

**Habeas corpus — extradition — indictment — when relator entitled to discharge.**

The questions presented on habeas corpus for relator's discharge under an interstate extradition warrant to answer an indictment, are the identity of the relator; whether the indictment charges him with the commission of a crime under the laws of the demanding state, and whether he is in a legal sense a " fugitive from justice."

Relator upon his marriage in the state of New Jersey brought his wife to his parents' home in the city of Buffalo where he has always resided, and within a day or so the wife had epileptic fits and confessed that she and her parents had deceived and defrauded relator as to her physical condition and had made a false oath as to her health to obtain the marriage license. After service upon her in this state