Joseph T. McMahon, Lewis H. Pounds and William M. Greve, Plaintiffs, *v.* William Beard and Jeremiah Robinson Beard, Defendants.

(Supreme Court, Kings Special Term, June, 1920.)

Brokers — action to recover commissions — lease — verdict.

> Where in an action to recover broker's commissions for procuring a lease of a water front property it appeared that the lease, which was for five years, eight months and ten days at stated rentals, contained a further mutual agreement that at the expiration of the term the lessor, at his option, would either pay to the lessees a certain percentage of the cost of the improvements thereon then standing, or execute a new lease for a term of five years, the plaintiffs' recovery is limited, at present, to commissions at the rate of five per cent of the gross amount of rentals for the term specified in the lease, five years, eight months and ten days, less the amount of accrued rentals under an existing lease covering a part of the premises, and defendants' motion to set aside a verdict for a five per cent commission on the gross rentals for ten years, eight months and ten days, less the rentals which would accrue under a lease surrendered, will be granted unless the plaintiffs stipulate to reduce and accept as reduced a verdict for the amount plaintiffs are held entitled to recover.

Action by brokers to recover commissions for procuring a lease.

Cullen & Dykman (Edgar M. Cullen, Edward J. Byrne and Jackson A. Dykman), for plaintiffs.

Leventritt, Cook, Nathan & Lehman (David Leventritt and Herman J. Westwood), for defendants.

Van Siclen, J. This action is brought by brokers to recover commissions for procuring a lease of defendants' water-front property. It appears that, on July 31, 1919, a lease was duly executed of the premises in question for a term of five years, eight months and ten

days (from August 20, 1919, to April 30, 1925), at rentals and upon terms therein specified, with a further mutual agreement that, at the expiration of the term thereby granted, the lessor would either pay to the lessee a certain percentage of the cost of the improvements thereon then standing, or else grant a new lease for a further term of five years; the option being entirely with the lessor.

The plaintiffs' action is for the recovery of a flat five per cent commission on the gross rentals, less the rentals which would accrue under an existing lease covering a part of the said premises, for the entire period of ten years, eight months and ten days, and they have the jury's verdict for the same, which the defendants now move to set aside and for a new trial.

The court is not now concerned with plaintiffs' employment, their good or bad faith, their fair or fraudulent conduct, or the rate of commissions earned or to be paid, for the reason that the jury has already passed upon the same. It is but fair, however, to mention in passing that defendants at no time sought the services of the plaintiffs or expressed a desire to lease the premises in question for the term, period or periods mentioned in the lease as executed, or even discussed with plaintiffs the same prior to the execution thereof. On the contrary, the initiative was taken wholly by the plaintiffs, and their activities, to a certain extent at least secretly, were in behalf of the lessee, then a tenant occupying part of the premises. In all probability defendants might have secured the same lease without plaintiffs' interference. There remains, however, the serious question as to whether the evidence supports the jury's finding that plaintiffs are entitled to commissions on the gross rentals for the term of the present lease and also, at the expiration thereof, for the term of the new lease, if such be then granted.

A careful reading of the evidence submitted upon

the trial wholly fails to disclose either that the minds of the respective parties ever met upon the term or terms of the lease or leases or the gross amount of rentals to be paid thereunder, in such a way as to form a basis for computation of commissions, or that they agreed upon or came to an understanding upon a fixed period for which rentals were to be paid and upon which commissions were to be reckoned. The real difference or dispute between the parties was the rate of commissions to be paid by the defendants to plaintiffs. Therefore, it must follow that, unless the legal construction of the lease upholds the finding of the jury that plaintiffs became entitled to their commissions on the gross rentals for the terms of both the present and the future lease to be executed, so much of the verdict as represents the commissions on the rentals that may accrue under the said additional or future lease is not supported by the evidence, is excessive and should be deducted.

An examination of the authorities, submitted upon the trial and cited in the briefs hereon, discloses in effect that brokers, like the parties, are bound by the instrument as executed. In the lease in question, the option to grant a new lease is with the lessor but in no wise differs from the right reserved to terminate at the expiration of first term upon a sale of or the election to re-occupy the premises. It may be conceded that the plaintiffs were entitled to commissions for the full term of the lease. But what was the full length of the lease? Was it for five years, eight months and ten days, or was it for ten years, eight months and ten days? Plaintiffs are entitled to their earnings for the kind of lease they secured, determinable by that very lease. They at least took the chances of a refusal by the lessors to grant a new lease at the expiration of the first term, and it matters not that the option to

grant a new lease rested wholly with the lessors, or whether the exercise of the option would be to the lessors' benefit or otherwise. The lease so specified, and it was the kind of a lease which the plaintiffs undertook to and did procure, and thereby became entitled to commissions on the amount of the rentals which was the consideration of the lease. At the time of the execution of said lease, necessarily, in order to determine the amount of commissions then due and earned, there must be, unless provided by special agreement, a fixed basis of computation. Surely gross rentals, which cannot be completely determined until the lessors act under their option to grant a new lease or pay the price, cannot afford such a basis. It seems clear, therefore, that plaintiffs' recovery is limited, at present, to commissions at the rate of five per cent, as found by the jury, of the gross amount of rentals for the term of five years, eight months and ten days, less the rental which would have accrued under the lease surrendered. The case of *Swan* v. *Inderlied,* 187 N. Y. 372, so confidently cited and quoted by plaintiffs' counsel upon the trial in support of plaintiffs' claim for commissions on gross rentals, for both terms, is, to my reading, quite to the contrary.

Defendants' motion to set aside the verdict and for a new trial is granted, unless the plaintiffs and their attorneys shall execute and file herein, within ten days, a stipulation in writing agreeing to reduce, and to accept as reduced, a verdict for five per cent commissions on the gross rentals for the term of five years, eight months and ten days, less rentals which would have accrued under the lease surrendered, with interest thereon from July 31, 1919, to May 17, 1920. Such computation may be made by the attorneys for the respective parties or accept the court's which is: commissions $34,320, interest $1,642, together amounting to $35,962. The foregoing is not in any wise to be

construed as a determination of or at all affecting plaintiffs' claim for commissions upon defendants granting a new lease to the lessees at the expiration of the original term, as in said present lease provided.

Ordered accordingly.